

D. G. SWEIGERT, C/O, MAILBOX, PMB 13339
514 Americas Way, Box Elder, SD 57719
Spoliation-notice@mailbox.org

November 17, 2023

*Goodman v. NYPD, X CORP,* et. al., 23-cv-09648-JGLC-GWC

Hon. Jessica G. L. Clarke
U.S. District Judge
U.S. District Court
for the Southern District of New York
500 Pearl Street,
New York, N.Y. 10007

SUBJ:   Letter motion seeking leave to file FRCP Rule 24(b) Motion to Intervene as a Defendant

Dear Judge Clarke,

1.   The non-party undersigned Movant respectfully moves pursuant to Federal Rule of Civil Procedure (F.R.C.P.) 24 to intervene as defendant in this action and requests the leave of the Court to file a comprehensive Notice of Motion and Memorandum of Law in this regard.

2.   The nonparty Movant will present a question of law or fact in common with the main action under rule 24(b) permissive intervention.  Permissive intervention is allowed where the intervenor, as is the case here, "has a claim or defense that shares with the main action a common question of law or fact." F.R.C.P. 24(b)(1)(B).

3.   The Movant intervenor's interest in this litigation is demonstrated by a "tight nexus" between the Movant and other parties to this action.  For example, attached as exhibits are today's X CORP tweets by Mr. Goodman concerning the role of the Movant intervenor as coordinator of the physical "attack" on Mr. Goodman on the night in question, approximately 11/01/2022.  Also attached is the "pre-filing" order against Mr. Goodman for litigation in which Defendant Adam Sharp and the Movant were jointly sued by Mr. Goodman for their plotting of criminal conspiracies.

4.   The Plaintiff, who operates a for-profit social media podcast show called "CrowdSource The Truth", has broadcasted video interactions with N.Y.P.D. police officers dating back to the days of the COVID 19 public health emergency in New York City (2020).  The Defendant lost many of his social media channels during that time for the broadcast of what the U.S. National Institute of Health labels "health misinformation".  During that time, as seen in a broadcast video, N.Y.P.D. officers visited Mr. Goodman's apartment due to a presumed 911 call.  In that video Mr. Goodman cursed the two N.Y.P.D. officers and the 10th Precinct for not caring that someone stood outside on the street and shouted "Kill That F_cking J_w.".

5.  During that time, Defendant Adam Sharp, President of the EMMY Awards, successfully sued Mr. Goodman for trademark violations created by graphically infusing the COVID 19 virus molecule onto the EMMY Statuette (https://news.bloomberglaw.com/ip-law/television-academy-wins-injunction-against-conspiracy-theorist).

6.  Since that time Mr. Goodman has speculated on his social media channels, on nearly a weekly basis, that the Movant, Adam Sharp, the N.Y.P.D. and U.S. District Court Judge Valerie E. Caproni are engaged in a civil and/or criminal conspiracy to deny Mr. Goodman his "First Amendment Rights" (see exhibit).  Since 2020 this situation has required the Movant to provide nearly bi-weekly e-mail message updates to the N.Y.P.D. concerning Mr. Goodman's public statements.  Therefore, the movant is inextricably linked to the events described in this legal action and the parties involved.

7.  As described in *Donaldson v. United States* (1971) 400 U.S. 517, 531, superseded by statute as stated in *United States v. Peoples Benefit Life Ins. Co.* (2d Cir. 2001) 271 F.3d 411, 415, the Movant has a "significantly protectable interest" in maintaining a professional reputation, a property right.  This property right can only be protected by the Court allowing the Movant to "clear his name" as a criminal co-conspirator partner of the N.Y.P.D. and/or Adam Sharp.

Respectfully,   Signed 11/17/2023

*D. S—t*

**D.G. SWEIGERT, PRO SE MOVANT**

Application DENIED. Case law holds that a reputational interest in a litigation as is suggested in this letter is insufficient to justify intervention. *See, e.g.*, *A.S. v. City Sch. Dist. of Albany*, 2021 WL 4198411, at *6 (N.D.N.Y. Aug. 11, 2021). The other interests claimed are also insufficient to justify either permissive intervention or intervention as of right under Fed. R. Civ. P. 24.

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: November 21, 2023
       New York, New York