

| | | |
|---|---|---|
| **HON. SYLVIA O. HINDS-RADIX**<br>*Corporation Counsel* | **THE CITY OF NEW YORK**<br><br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, N.Y. 10007 | **MARY JANE ANDERSON**<br>*Assistant Corporation Counsel*<br>Phone.: (212) 356-2415<br>Fax: (212) 356-3509<br>maanders@law.nyc.gov |

January 19, 2024

**VIA E.C.F.**
Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    <u>Jason Goodman v. the City of New York, et al.</u>,
                23 Civ. 9648 (JGLC) (GWG)

Your Honor:

        I am an Assistant Corporation Counsel of the New York City Law Department and the attorney representing defendant the City of New York in this matter. The City writes to respectfully request a *nunc pro tunc* extension of time to answer or otherwise respond to the operative pleading in this matter until March 4, 2024, and to respectfully request that the Court *sua sponte* extend the time for the individual defendants to respond to the operative pleading in this matter by forty-five days, *i.e.*, until March 4, 2024. This is the City's first request for such an extension. Defendant Sharp consents to the instant request, and Defendant "X Corporation" does not oppose the request.

        By way of background, Plaintiff filed the complaint on October 31, 2023. (ECF No. 1). Defendants Caruso, Castro, and Garcia were served on November 28, 2023, thus, their responses were due December 19, 2023. (ECF Nos. 25, 26, and 30). The City of New York was served on November 4, 2023, thus, its response was due November 30, 2023. (ECF No. 28). The New York City Police Department, which is a non-suable entity, was served on November 9, 2023, thus its response, if any, was due November 30, 2023. (ECF No. 27). Defendant Ebrahim was served on December 11, 2023, thus, his response was due January 2, 2024.

        First, I sincerely apologize for submitting this request after the deadline. I was recently assigned to this case, and due to an inadvertent error, did not realize the deadline had passed until this week. Upon review, the City intends to file a motion to dismiss this case, as did defendants Sharp and X Corp.

        An extension of time is necessary for many reasons. The Office is still working to determine representation for the individual defendants in this case. The Office does not currently represent the individual defendants. Pursuant to New York General Municipal Law 50-k, this

Office must investigate and determine whether we may assume representation of the individuals named in the plaintiff's complaint. The defendants must then decide whether they wish to be represented by this Office. If so, this Office must obtain their written authorizations. Only after this process has been followed can this Office determine how to proceed in this case. See General Municipal Law § 50(k); see also Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985); see also Williams v. City of New York, et al., 64 N.Y.2d 800 (1985) (noting that the decision to bestow legal representation upon individual defendants is made by the Corporation Counsel as set forth in state law). The requested extension of time will afford this Office an opportunity to receive and review the relevant documentation concerning plaintiff's allegations and make representation decisions concerning the defendants.

Furthermore, in accordance with its obligations under Rule 11 of the Federal Rules of Civil Procedure, this Office requires adequate time to investigate all of the allegations set forth in the Complaint. We have sent Plaintiff a release that we will need to obtain his records. Once we have received the executed release from Plaintiff, we will be able to access relevant documentation. The requested extension of time will afford this Office the opportunity to receive and review relevant documentation and meet with the individual defendants.

As noted, the Office presently does not represent the individual defendants and, thus, this request is not being made on their behalf. Nevertheless, the City respectfully contends that the filing of one motion would benefit the Court and the parties as it would minimize the need for multiple sets of motion papers making similar arguments, and would not prejudice the Plaintiff. Moreover, having one response would avoid any potential confusion that may arise with respect to the defendants' claims and defenses. Thus, the City respectfully requests a forty-five day extension of time to respond to the complaint; and that the Court *sua sponte* extend the time for the individual defendants to respond to the complaint until March 4, 2024.

The City thanks the Court for its time and consideration herein.

Respectfully submitted,

/s/ *Mary Jane Anderson*
Mary Jane Anderson
*Assistant Corporation Counsel*
Special Federal Litigation Division

Cc: VIA FIRST-CLASS MAIL
Jason Goodman
252 7th Avenue
Apt. 6S
New York, NY 10001

VIA ECF
Counsel of Record