**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON GOODMAN, | No. 1:23-cv-09648-JGLC-GWG |
| Plaintiff, | ORAL ARGUMENT REQUESTED |
| v. | |
| THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT LIEUTENANT GEORGE EBRAHIM, NEW YORK CITY POLICE DEPARTMENT OFFICER CHANDLER CASTRO, NEW YORK CITY POLICE DEPARTMENT OFFICER JENNIFER CARUSO, NEW YORK CITY POLICE DEPARTMENT OFFICER KELVIN GARCIA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JANE DOE, (fictitious names intended to be officers, representatives, agents, servants of the New York City Police Department, individually and in their official capacities, ELON MUSK, X CORP, ADAM SHARP, | |
| Defendants. | |

**DEFENDANT X CORP.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**
**THE COMPLAINT FOR FAILURE TO STATE A CLAIM**

## I.   <u>INTRODUCTION</u>

Plaintiff's Response in Opposition to Defendant X Corp.'s Motion to Dismiss (Dkt. 40) ("Opposition" or "Opp'n") confirms his Complaint against X Corp. should be dismissed with prejudice. He does not—and cannot—identify any facts or law that plausibly support either of the two required elements of his purported claims against X Corp. under 42 U.S.C. § 1983 ("Section 1983")—that X Corp. (1) violated his federal rights and (2) acted under color of law.

Plaintiff should not be granted leave to amend. His claims against X Corp. are futile, even considering the various new allegations in his Opposition.

X Corp. respectfully requests that this Court dismiss the Complaint against X Corp. with prejudice.

## II.   <u>ARGUMENT</u>

### A.   **Plaintiff Fails to State a Plausible Section 1983 Claim Against X Corp.**

#### 1.   ***Plaintiff Does Not Plausibly Allege X Corp. Violated His Federal Rights, the First Element of His Section 1983 Claims***

In its opening Memorandum of Law in Support of its Motion to Dismiss (Dkt. 19) ("Opening Brief"), X Corp. demonstrated that Plaintiff fails to plausibly allege X Corp. violated his federal rights because (1) he only "suspect[s]" the existence of a "mysterious business arrangement" or agreement "to provide various security services" between the "NYPD, Musk, X Corp[.], Twitter NYC and perhaps others"; and (2) he fails to allege facts sufficient to establish that his alleged deprivation of his federal rights was pursuant to any official policy of X Corp. Opening Br. at 8-10.

The Opposition confirms Plaintiff's pleading failures on both fronts. Plaintiff's brief is devoid of any facts that would establish the existence of the "mysterious business arrangement" he alleges. Plaintiff has not and cannot plausibly allege the existence of any arrangement or agreement involving X Corp., much less that anyone violated his federal rights pursuant to the arrangement or agreement he alleges only "*could* have been made." Dkt. 1 ("Compl.") ¶ 79 (emphasis added); *see also* Opening Br. at 8-9.

Plaintiff simply concludes that the unnamed Doe defendants are "X Corp.['s] [s]ecurity employees," and that X Corp. is "vicariously liable for the misconduct of [these] employees, contractors, or assignees" who purportedly acted "with authority granted by NYPD and other government agencies," including "the FBI," and were "performing security duties for X Corp. and Musk" Opp'n ¶¶ 2, 6-13. In support of his contention that the Doe defendants are X Corp.'s security employees, Plaintiff asserts that these defendants (1) "were positioned directly outside X Corp[.'s]" New York office "for two days"; (2) "were insistent that [Plaintiff] leave the vicinity of X Corp[.]'s office"; (3) "did not fear [the] NYPD when [Plaintiff] called" the police; and (4) were referenced in Plaintiff's disorderly conduct summons as people "known to" the NYPD.[1] *Id.* ¶¶ 8, 12; *see also* Compl. ¶¶ 33-37, 39-65. These allegations, even if credited as true, fail to plausibly allege the existence of any employment relationship between X Corp. and the Doe defendants, because they would not establish X Corp. had or exerted any "degree of control" over those defendants. *See Bynog v. Cipriani Grp., Inc.*, 1 N.Y.3d 193, 198 (2003) ("[T]he

---

[1] Plaintiff makes various other conclusory assertions in the Opposition that he did not include in his Complaint, including that two individuals outside X Corp.'s office, including John Doe 1, "confirmed they work for Musk." Opp'n ¶ 17. Not only is this allegation not in the Complaint, it conflicts with Plaintiff's affidavit (Dkt. 1), in which he states he "presumed" John Doe 1 "to be a Musk personal security guard." Dkt. 1, p. 44, ¶ 5. The allegation also is glaringly absent from Plaintiff's detailed and seemingly complete account of his same conversations with these individuals in the body of his Complaint. *See* Compl. ¶¶ 39-40. This Court should disregard Plaintiff's new, inconsistent factual assertions. *See Washington v. Westchester Cnty. Dep't of Correction*, No. 13-CV-5322, 2014 WL 1778410, at *1 (S.D.N.Y. Apr. 25, 2014) ("The Court ordinarily may not consider factual allegations contained in opposition papers to a motion to dismiss unless they are consistent with those contained in the complaint. This is not the case here, and for this reason, the Court disregards the inconsistent factual allegations in Plaintiff's opposition paper[]." (citation omitted)).

Plaintiff also claims—for the first time in his Opposition—that X Corp. became "complicit" "after the fact" in the November 1 assault based on a non-party "who identified himself only as an X Corp[.] security employee" declining on November 2 to provide Plaintiff access to the footage from the "surveillance camera outside the front door" of X Corp. office. Opp'n ¶¶ 31-32. This unsupported allegation, which again appears nowhere in his Complaint, does not plausibly allege X Corp. is liable for the alleged conduct of the NYPD or Doe defendants. Regardless of the identity of the individual, Plaintiff does not and cannot explain how a refusal to provide on-demand surveillance footage (*i.e.*, absent legal compulsion) violated his federal rights.

critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results."). These allegations also fail to plausibly allege the Doe defendants are X Corp.'s contractors; even if they did, his claims would fail because, except for a narrow exception not present here, principals cannot be held liable for the misconduct of their contractors. *Chainani v. Bd. of Educ. Of City of N.Y.*, 87 N.Y.2d 370, 380-81 (1995) ("Ordinarily, a principal is not liable for the acts of independent contractors . . . .").

Plaintiff also fails to plausibly allege the Doe defendants were X Corp.'s agents. Under New York law, a principal is responsible for the acts of an agent only if the agent had actual or apparent authority to act on behalf of the principal. *Rice v. NAACP*, 103 A.D.2d 801, 802 (N.Y. App. Div. 1984). Plaintiff does not and cannot plausibly allege the Doe defendants had actual authority from X Corp., because "[t]he existence of actual authority depends on the actual interaction between the putative principal and agent, *not on any perception a third party may have of the relationship*." *Hale v. Teledoc Health, Inc.*, No. 20-CV-5245, 2021 WL 1163925, at *3 (S.D.N.Y. Mar. 25, 2021) (cleaned up and emphasis added). Plaintiff alleges no conduct between X Corp., the putative principal, and the Doe defendants, the putative agents, and therefore does not plausibly allege the Doe defendants had actual authority to act on X Corp.'s behalf.

Nor does Plaintiff plausibly allege apparent authority under New York law, where only "words or conduct of the *principal*, communicated to a third party," can "give rise to the appearance and belief that the agent possesses authority to act on behalf of the principal." *King v. Mitchell*, 31 A.D.3d 958, 959 (N.Y. App. Div. 2006) (cleaned up and emphasis added); *see also M Entm't, Inc. v. Leydier*, 71 A.D.3d 517, 520 (N.Y. App. Div. 2010) ("[T]he words or conduct of a putative agent are insufficient to create apparent authority."). Plaintiff does not allege any words or conduct that *X Corp.* communicated to make it appear that the Doe defendants had authority to act on its behalf. The Complaint's and the Opposition's many allegations of interactions between Plaintiff and the Doe defendants are "of no relevance" to whether the Doe

defendants had apparent authority to act on X Corp.'s behalf. *4C Foods Corp. v. Package Automation Co.*, No. 14-CIV-2212, 2014 WL 6602535, at *6 (S.D.N.Y. Nov. 18, 2014). Accordingly, Plaintiff fails to plead facts sufficient to establish an agency relationship between X Corp. and the Doe defendants.

To be sure, even if Plaintiff could plausibly allege the Doe defendants were employees, contractors, or agents of X Corp. (and he cannot), Plaintiff still could not satisfy the first element of his Section 1983 claim: that the alleged deprivation of his federal rights was pursuant to an official X Corp. *policy*. *See* Opening Br. at 9 (citing *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) ("Private employers are not liable under § 1983 for the constitutional torts of their employees, unless the plaintiff proves that 'action pursuant to official *policy* of some nature caused a constitutional tort.'" (citation and ellipsis omitted) (quoting *Monell v. Dep't of Social Serv. Of the City of N.Y.*, 436 U.S. 658, 691 (1978))). Plaintiff's claims therefore should be dismissed. *See* Opening Br. at 9-10; *Candelario v. Quality Choice Corr. Healthcare*, No. 16-CV-2083, 2017 WL 3049553, at *6 (S.D.N.Y. July 18, 2017) (dismissing Section 1983 claim because pro se plaintiff did "not assert[] that the policies of [private entity] were unconstitutional or themselves caused the constitutional foul he allegedly suffered").

Because Plaintiff fails to plausibly allege X Corp. violated his federal rights, his Section 1983 claims asserted against X Corp. should be dismissed.

### 2. *Plaintiff Does Not Plausibly Allege X Corp. Acted Under Color of State Law, the Second Element of His Section 1983 Claims*

The Opposition also confirms that Plaintiff fails to plausibly allege the second element of his Section 1983 claims: that X Corp. acted under color of state law.

Defendant's Opening Brief established that the Complaint fails to plausibly allege X Corp. acted under color of state law under any of the three relevant tests: (1) the "compulsion test," (2) the "joint action" or "close nexus" test, or (3) the "public function test." Opening Br. at 10-13. In response, Plaintiff argues that X Corp. "act[ed] under color of law" as "demonstrated by the production of a badge by Jane Doe, NYPD's use of illegal tactics calculated to protect X

4

Case 1:23-cv-09648-JGLC-GWG   Document 47   Filed 01/29/24   Page 6 of 8

Corp[.] employees from prosecution, and X Corp's employment of former FBI General Counsel James Baker."[2] Opp'n ¶ 2. These after-the-fact conclusions, which are not supported by the Complaint, also fail to satisfy any of the three tests.

Plaintiff's allegations fail to plausibly allege X Corp. was coerced or compelled by the state to take any action that violated Plaintiff's rights, and therefore he fails to demonstrate the required compulsion. *See Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (under the "compulsion test," "the entity acts pursuant to the coercive power of the state or is controlled by the state." (internal quotation marks omitted)). His allegations also do not plausibly allege X Corp.'s functions are intertwined with state policies, or that it and the state willfully or jointly undertook an activity that violated Plaintiff's rights. *See Hollander v. Copacabana Nightclub*, 624 F.3d 30, 34 (2d Cir. 2010) (under "[t]he 'joint action test' or 'close nexus test[,]' the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies." (cleaned up)). And Plaintiff's allegations do not plausibly allege the NYPD or any other governmental entity contracted out to X Corp., a private company, any of its exclusive or near exclusive functions. *See Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d

---

[2] The last assertion is based on new allegations in the Opposition that James Baker, the "former FBI General Counsel" and X Corp.'s "Deputy General Counsel at the time," was fired by X Corp. "only weeks after this incident precisely because of concerns that the FBI was exerting undue and even possibly illegal control over X Corp." Opp'n ¶ 39. Putting aside the inherent implausibility that Plaintiff's alleged incident was directed by Mr. Baker or the FBI, their purported involvement cannot, as a matter of law, satisfy the "under color of state law" element of Plaintiff's Section 1983 claims. "[T]he phrase 'under color of state law' . . . appl[ies] only to state actors, not federal officials." *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005); *see also Khan v. United States*, 271 F. Supp. 2d 409, 412 (E.D.N.Y. 2003) ("42 U.S.C. § 1983 provides relief against defendants who act under color of state, not federal, law"). Obviously, the FBI and Mr. Baker, in his capacity as the FBI general counsel, were not state actors. Additionally, because purported FBI control is irrelevant to Plaintiff's claims, the Court can disregard Plaintiff's new allegations that "Congress has formed a Weaponization of Government committee" that "has examined allegations similar to [Plaintiff's] regarding FBI involvement at X Corp.," or that *Missouri v. Biden*, No. 3:22-CV-01213 (W.D. La.), and *Kennedy v. Biden*, No. 3:23-CV-00381 (W.D. La.), "are presently contemplating these same questions." Opp'n ¶¶ 41-42.

259, 264-65 (2d Cir. 2014) ("Under the public function test, state action may be found in situations where an activity that traditionally has been the exclusive, or near exclusive, function of the State has been contracted out to a private entity." (cleaned up)). Plaintiff fails to plausibly allege X Corp. acted under color of state law under any of the three relevant tests.

Because Plaintiff fails to plausibly allege either element of his Section 1983 claims, his claims should be dismissed.

### B.      Leave to Amend Should Not Be Granted

The Court should not grant leave to amend because "amendment would be futile." *Hunt v. Alliance N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998). Plaintiff's Section 1983 claims are based on his altercations with the NYPD and the Doe defendants. As explained above, Plaintiff does not remotely support his allegation of a "mysterious business arrangement" or agreement that he admits he only "*suspect[s] . . . could have been made*" between X Corp., the NYPD, and others. Compl. ¶¶ 79, 85 (emphasis added). And it is axiomatic that only plausible allegations of fact—not mere suspicion—can support a claim. *Leonard v. United States*, No. 23-CV-8571, 2023 WL 8258263, at *3 (S.D.N.Y. Nov. 27, 2023) ("Because [pro se] Plaintiff's allegations are conclusory claims and suspicions that are implausible, the Court declines to grant Plaintiff leave to amend her complaint."). Even if the Court considered Plaintiff's various new assertions in Opposition (*see, e.g.*, *supra* notes 1 and 2), none of these "new" allegations support the conclusion that X Corp. either (1) violated Plaintiff's federal rights or (2) acted under color of State law.

Accordingly, because amendment would be futile, the Court should not grant leave to amend. *See Sutton v. Stony Brook Univ.*, No. 18-CV-7434, 2021 WL 3667013, at *10 (E.D.N.Y. Aug. 18, 2021), *aff'd*, 2022 WL 4479509 (2d Cir. Sept. 27, 2022) (dismissing pro se plaintiff's "wholly speculative" Section 1983 claim with prejudice); *Brown v. Nassau Cnty. Police Dep't*, No. 14-CV-00247, 2014 WL 1401510, at *6 (E.D.N.Y. Apr. 8, 2014) (denying leave to amend

initial complaint to reassert Section 1983 claim against private party).[3]

### III.   <u>CONCLUSION</u>

For these reasons and those stated in X Corp.'s Opening Brief, this Court should dismiss the Complaint against X Corp. with prejudice.

Respectfully submitted,

WILLENKEN LLP

 _/s/ Kenneth M. Trujillo-Jamison_
Kenneth M. Trujillo-Jamison
(admitted *pro hac vice*)
Peter Shimamoto
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250
ktrujillo-jamison@willenken.com

*Attorneys for Defendant X Corp.*

Dated: January 29, 2024

---

[3] Leave to amend should be denied for the additional reason that Plaintiff did not request it. *See Horoshko v. Citibank, N.A.*, 373 F.3d 248, 249-50 (2d Cir. 2004) ("The [pro se plaintiffs'] contention that the District Court abused its discretion in not permitting an amendment that was never requested is frivolous.").