UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON GOODMAN,

    *Plaintiff*,

v.

THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT LIEUTANANT GEORGE EBRAHIM, NEW YORK CITY POLICY DEPARTMENT OFFICER CHANDLER CASTRO, NEW YORK CITY POLICE DEPARTMENT OFFICER JENNIFER CARUSO, NEW YORK CITY POLICE DEPARTMENT OFFICER KELVIN GARCIA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JANE DOE, (fictitious names intended to be officers, representatives, agents, servants of the New York City Policy Department, individually and in their official capacities, ELON MUSK, X CORP, ADAM SHARP,

    *Defendants*.

1:23-cv-09648-JGLC-GWG

---

**DEFENDANT ADAM SHARP'S REPLY MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

---

Brian E. Middlebrook, Esq.
John T. Mills, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
*Attorneys for Defendant Adam Sharp*
One Battery Bark Plaza, 28th Floor
New York, New York 10004
(212) 269-5500 (Phone)
(212) 269-5505 (Fax)
bmiddlebrook@grsm.com
jtmills@grsm.com

## I. INTRODUCTION

Goodman[1]'s Opposition to Sharp's motion to dismiss admits that Goodman has not and cannot state any cognizable claim against Sharp for violation of 42 U.S.C. § 1983. *See* ECF No. 49 ("Opposition" or "Opp."). Indeed, the Opposition underscores the fact that Goodman fails to allege any facts or law which plausibly support an argument that Sharp: (1) violated his federal rights; and (2) acted under color of state law, and only serves to further demonstrate why this Court should dismiss the Complaint against Sharp without prejudice and without leave to amend.

Thus, for the reasons set forth herein and more fully in the Opening Memorandum, Sharp respectfully requests that the Court grant his Motion to Dismiss and dismiss these vexatious and baseless claims asserted in the Complaint, with prejudice and without leave to amend, and that a filing injunction be imposed barring any future filings by Goodman in this District, including any claims against Movants or any claims related to the subject matter of the claims asserted in the Amended Complaint, together with such other and further relief as this Court may deem just, proper, and equitable.

## II. STATEMENT OF FACTS

Sharp respectfully refers this Honorable Court to the Statement of Facts set forth in the Opening Memorandum for a more detailed recitation of the facts surrounding this matter and Goodman's litigation history involving Sharp. However, Sharp notes that Goodman suggests in his Opposition that it is Sharp who has engaged in malicious litigation against Goodman. *See* Opposition at ¶¶ 6-11. This is utterly not the case. The continuous litigation between Goodman and Sharp, and the entities with which they are respectively affiliated, was initiated by Goodman's

---

[1] Capitalized terms used herein shall have the same meaning ascribed to them as set forth in Defendant Adam Sharp's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Amended Complaint ("Opening Memorandum"). *See* ECF No. 35.

infringing use of an image owned by the Academies.  *See Academies v. MSD*.  Since the Academies prevailed on their copyright and trademark claims (which were affirmed by the Second Circuit), Goodman commenced *three separate suits* against Sharp, with *Goodman I* and *Goodman II* being dismissed with prejudice.  *See* Opening Memorandum at pp. 2-5.  The suggestion that Sharp, and not Goodman, has perpetuated this years-long litigation is unequivocally false.

Additionally, Goodman's Opposition contains extensive factual recitations that have absolutely nothing to do with the facts alleged in the Complaint against Sharp.  By way of example, Goodman now alleges that Sharp is conspiring with non-party David George Sweigert ("Sweigert").  *See* Opp. at ¶¶ 12-13.  However, Sweigert's name is not mentioned at all in the Complaint, and it is entirely confusing how Goodman purports to allege that Sweigert is in any manner involved in the allegations at issue.  Goodman also purports to allege that Sharp was somehow involved in a vast conspiracy against the American people involving X Corp, the NYPD and the FBI.  This Court should disregard Goodman's new, inconsistent factual assertions (which, while irrelevant for purposes of this analysis, are entirely false).  *See Washington v. Westchester Cnty. Dep't of Correction*, 2014 WL 1778410, at *1 (S.D.N.Y. Apr. 25, 2014) ("The Court ordinarily may not consider factual allegations contained in opposition papers to a motion to dismiss unless they are consistent with those contained in the complaint.  This is not the case here, and for this reason, the Court disregards the inconsistent factual allegations in Plaintiff's opposition paper[].") (citation omitted).

Putting these additional allegations aside, it is worth reiterating that Goodman's Complaint here centers on Goodman's alleged interactions with NYPD officers and personnel in October and November 2022 when he allegedly tried to record video outside of the building where X Corp.'s New York office is located.  *See generally* Complaint.  As against Sharp, Goodman purports to

allege that Sharp "communicated with third parties . . . who in turn communicated with individuals who encourage, coerced, employed or otherwise directed to engage[] in a wide array of tactics . . . calculated to prevent Goodman from delivering information to Musk at the outset of his reorganization of X Corp[.] and preventing Goodman from publicizing true but unfavorable facts of these matters to the public." *Id.*, ¶ 30. Goodman's attempts to interject additional, irrelevant factual allegations in his Opposition are nothing more than a thinly veiled attempt to distract the Court from the palpable insufficiencies of the Complaint against Sharp. For the reasons set forth more fully in the Opening Memorandum and herein, it is clear that these allegations are palpably insufficient and the Complaint must be dismissed.

### III. ARGUMENT

#### A. Goodman's claims fail as a matter of law and should be dismissed.

As set forth more fully in the Opening Memorandum, Goodman's claims against Sharp fail because Goodman fails to allege that Sharp: (1) violated his federal rights; or (2) acted under color of state law. *See* Opening Memorandum at pp. 8-13. Goodman's Complaint and Opposition provide no legal or factual basis or allegation which would yield a contrary conclusion and, as a result, the Complaint against Sharp must be dismissed for failure to state a claim.

Goodman's Opposition first claims that his conspiracy theory "has now been proven by sworn testimony." *See* Opp. at ¶¶ 3-4. However, this "testimony" has absolutely nothing to do with Sharp or any of the allegations against Sharp in this action, making it entirely confusing why Goodman chooses to rely upon it.

Goodman further claims that his conspiracy theory is plausibly alleged because: (1) the Honorable Judge Caproni was the FBI General Counsel during the time that Sharp worked for X Corp; (2) former FBI General Counsel and X Corp Deputy General Counsel James Baker was still employed at X Corp on November 1, 2022; and (3) Sharp participated in a CNBC news piece in

October 2020 to discuss information on the upcoming election. *See* Opp. at ¶¶ 13-14, 31. This argument, too, is unavailing, because the allegations do nothing to suggest that Sharp had any involvement in the events which occurred on November 1, 2022. Indeed, it is entirely unclear how Goodman's participation in a CNBC news piece in October 2020 is in any manner suggestive of a conspiracy with Judge Caproni, much less a conspiracy relevant to the claims alleged in the Complaint.

Goodman's Opposition repeatedly argues in a conclusory manner that Sharp "knowingly and willfully assisted the FBI and other government agencies and employees in a years-long plan to infiltrate private sector social media companies and to impose the will of government upon the companies and their users specifically including Goodman." *See* Opp. at ¶ 36. Goodman alleges that this assistance ultimately led to Goodman being assaulted by the NYPD on or about November 1, 2022. *See id.* at ¶ 37. Perhaps most egregiously, Goodman alleges that his claims "meet the Twombly plausibility standard because Sharp and X Corp had a mutual interest in preventing Goodman from revealing alleged wrongdoing at X Corp related to illegal interaction with the FBI during and after the 2020 Presidential election." *See* Opp. at ¶ 42. However, Sharp has not worked at X Corp (formerly known as Twitter) since 2016, long before the 2020 Presidential election. Moreover, any involvement of the FBI with respect to the allegations in the Complaint cannot serve as the basis for a Section 1983 claim, as Section 1983 applies only to state, not federal, actors. *See Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005).

Simply stated, it is apparent Goodman's entire Complaint and Opposition are premised upon the nothing more than conclusions and speculations. Indeed, Goodman *admits* in the Complaint that he has no basis to make these striking allegations against Sharp, stating that he "expects to obtain [such] information" through discovery in this matter. Complaint, ¶ 30; *see also*

*id.*, ¶ 86 ("Sharp *would be* highly motivated to prevent Musk from learning the allegations contained in Goodman's report") (emphasis added).  Goodman utterly fails to refute this argument in his entire Opposition, instead choosing to rely on the conclusory assertions set forth above.  *See generally* Opp.  These claims are palpably insufficient to demonstrate that Sharp violated Goodman's federal rights in any manner whatsoever, and holding to the contrary would run afoul of well-established pleading standards and legal precedent.  *See, e.g.*, *Pollack v. Nash*, 58 F. Supp. 2d 294, 299-300 (S.D.N.Y. 1999) ("it is well established that in order to survive a motion to dismiss, a § 1983 complaint must contain more than naked, improbable, unsubstantiated assertions without any specifics.") (internal quotations omitted/cleaned up).

Even more, Goodman's Opposition fails to address the argument that the Complaint fails to plausibly allege that Sharp acted under color of state law.  *See* Opening Memorandum at pp. 10-13.  Again, Goodman fails to allege any conduct by Sharp, much less specific conduct that plausibly alleges that Sharp was acting under color of state law at any relevant time.  Goodman's Complaint and Opposition make no allegation that Sharp acted pursuant to the "coercive power" of the state, that the state provided "significant encouragement" to Sharp, either overt or covert, or that Sharp's actions were compelled or influenced by state regulation.  *Sybalsi v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (quotations omitted)) (compulsion test).  Goodman's Opposition further demonstrates that his allegations demonstrate the opposite of any fact that could possibly satisfy the compulsion test.

Goodman also fails to allege that Sharp "is entwined with governmental policies, or when government is entwined in its management or control."  *Grogan v. Blooming Grove Volunteer Ambulance Corps*, 768 F.3d 259, 264 (2d Cir. 2014) (quotations omitted).  Goodman's Complaint is focused on events which allegedly occurred in November 2022.  *See generally* Complaint.

However, as Goodman concedes in the Complaint, Sharp has not worked for X Corp. since 2016 and, more importantly, Goodman does not allege any involvement of Sharp with the City of New York or the NYPD as is relevant to the allegations in the Complaint, or that Sharp was delegated any public function by the state – nor can he plausibly make either asertion.  It is clear that Goodman likewise fails to satisfy the joint action/close nexus and public function tests, and thus fails to plausibly allege that Sharp was acting under color of state law.

In sum, the basis of Goodman's claims against Sharp here is the alleged events which occurred on or about November 1, 2022.  The sole determination that the Court must make in deciding the instant motion is whether Goodman has alleged facts which plausibly allege that Sharp was somehow involved in these events, thereby violating his federal rights and acting under color of state law.  It is clear that Goodman has failed to do so.  Thus, for the reasons set forth more fully in the Opening Memorandum and above, Goodman's § 1983 claims against Sharp must be dismissed for failure to state a claim.  *See Fletcher et al. v. Village of Lake Placid et al.*, 2023 WL 8573860, at *18 (N.D.N.Y. Dec. 11, 2023) (citations omitted).

### C. Goodman should be barred from filing any additional documents involving Sharp in this District, and from filing any federal district court action (whether *pro se* or otherwise) against Sharp without leave of court.

In addition to dismissing the claims against Sharp with prejudice, Sharp respectfully requests that this Court sanction Goodman and impose a filing injunction: (i) barring Goodman from filing any additional documents involving Sharp in this District; and (ii) filing any federal district court action (whether *pro se* or otherwise) against Goodman without leave of court. Goodman's Opposition makes the perplexing assertion that his "claims are well-found and backed by irrefutable evidence" (which is not the case, for the reasons stated above), and otherwise fails to address the arguments raised in the Opening Memorandum.  *See* Opening Memorandum at pp.

13-16. Contrary to Goodman's arguments in Opposition, a filing injunction is appropriate under the circumstances and pursuant to well-established Second Circuit precedent. *See id.* (collecting cases).

### D. Goodman should not be given leave to amend.

Lastly, Goodman's Complaint against Sharp should be dismissed in its entirety with prejudice and without leave to amend, as it is clear that any proposed amendment to the Complaint would be futile. *See, e.g.*, *Hunt v. Alliance N. Am. Gov't Income Tr., Inc.*, 159 F.3d 723, 728 (2d Cir. 1998). As set forth more fully above, Goodman's Opposition makes clear that his entire Complaint against Sharp relies upon nothing more than speculation and conclusion, and courts have routinely granted motions to dismiss with prejudice and without leave to amend under similar circumstances. *See Leonard v. United States*, 2023 WL 8258263, at *3 (S.D.N.Y. Nov. 27, 2023) ("Because [pro se] Plaintiff's allegations are conclusory claims and suspicions that are implausible, the Court declines to grant Plaintiff leave to amend her complaint."). The same result is warranted here.

## IV. CONCLUSION

For the reasons and authorities above and more fully in the Opening Memorandum, Sharp respectfully requests that the Court grant his Motion to Dismiss and dismiss the Complaint against Sharp with prejudice and without leave to amend, together with such other and further relief as this Court may deem just, proper, and equitable. Additionally, Sharp also respectfully requests that this Court enter an Order imposing a filing injunction against Goodman as set forth above.

Dated:     New York, New York
              February 15, 2024

                                       Respectfully Submitted,

                                       GORDON REES SCULLY MANSUKHANI, LLP

*Attorneys for Defendant Adam Sharp*

<u>*/s/ John Mills*</u>
Brian E. Middlebrook, Esq.
John T. Mills, Esq.
One Battery Park Plaza, 28th Floor
New York, New York 10004
(212) 269-5500 (Phone)
(212) 269-5505 (Fax)
bmiddlebrook@grsm.com
jtmills@grsm.com