UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON GOODMAN,

    *Plaintiff*,

  v.

THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT LIEUTANANT GEORGE EBRAHIM, NEW YORK CITY POLICY DEPARTMENT OFFICER CHANDLER CASTRO, NEW YORK CITY POLICE DEPARTMENT OFFICER JENNIFER CARUSO, NEW YORK CITY POLICE DEPARTMENT OFFICER KELVIN GARCIA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JANE DOE, (fictitious names intended to be officers, representatives, agents, servants of the New York City Policy Department, individually and in their official capacities, ELON MUSK, X CORP, ADAM SHARP,

    *Defendants*.

1:23-cv-09648-JGLC-GWG

---

**DEFENDANT ADAM SHARP'S NOTICE OF SUPPLEMENTAL AUTHORITY
CONCERNING MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

---

Brian E. Middlebrook, Esq.
John T. Mills, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
*Attorneys for Defendant Adam Sharp*
One Battery Bark Plaza, 28th Floor
New York, New York 10004
(212) 269-5500 (Phone)
(212) 269-5505 (Fax)
bmiddlebrook@grsm.com
jtmills@grsm.com

Sharp[1] respectfully submits this Notice of Supplemental Authority to inform the Court of a development relevant to Sharp's pending motion to dismiss Goodman's Complaint. *See* Dkt. 34-36, 49, 52-53. As set forth in the Opening Memorandum, on January 17, 2023, Goodman dragged Sharp into an ongoing litigation to which he has no connection, again speciously claiming that Sharp conspired with several other defendants to harm Goodman. *See Goodman II*, Dkt. 100. On May 8, 2023, Judge Cott issued an Order and Report and Recommendation recommending that every motion to dismiss be granted and that "the entire case be dismissed with prejudice." *Id.*, Dkt. 203 at pp. 1–2, 43–44. On June 12, 2023, Judge Cott issued another Report and Recommendation reiterating his recommendation for dismissal of the claims against Sharp based on failure to state a claim and *res judicata*. *Goodman II*, Dkt. 228 at p. 8. Judge Cott also recommended that the Court imposing a filing injunction barring any future filings by Goodman in this District against Sharp without first obtaining leave of court to do so. *See id.*

On June 28, 2023, Judge Torres issued an order adopting Judge Cott's Report and Recommendation and dismissing the complaint against Sharp with prejudice. *Goodman II*, Dkt. 238. The Court entered judgment dismissing the Complaint the next day. *Goodman II*, Dkt. 239. While Judge Torres enjoined Goodman from filing actions against other defendants in *Goodman II*, it appears that given the number of motions and parties, Judge Torres overlooked Judge Cott's recommendation as to an injunction against Sharp. *Goodman II*, Dkt. 238. Sharp filed a motion to amend the judgment and a motion for attorneys' fees, and Goodman filed a motion for reconsideration and an appeal of Judge Torres' order. *Goodman II*, Dkt. 241-42, 248-49, 250-51, 258.

---

[1] Capitalized terms used herein shall have the same meaning ascribed to them as set forth in Defendant Adam Sharp's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Amended Complaint ("Opening Memorandum") and Defendant Adam Sharp's Reply Memorandum of Law in Support of Motion to Dismiss Plaintiff's Amended Complaint ("Reply Memorandum"). *See* Dkt. Nos. 35, 52.

Sharp's motion to amend the judgment requested that Judge Torres amend the filing injunction to prohibit any filings against Sharp without leave of court—notably, Goodman did not oppose this motion. On November 28, 2023, Judge Cott issued a Report and Recommendation recommending that Judge Torres grant Sharp's motion for reconsideration and enjoin Goodman from any future filings against Sharp in this district without leave of court to do so, as he recommended in his June 12, 2023 Report and Recommendation which was not addressed in Judge Torres' June 28, 2023 Order. *Goodman II*, Dkt. 269 at p. 3.

Yesterday, Judge Torres issued an Order adopting Judge Cott's November 28, 2023 Report and Recommendation in full. A copy of the Order is attached hereto as **Exhibit "A."**; *see also Goodman II*, Dkt. 278. In the Order, Judge Torres overruled Goodman's objections in their entirety, stating that the objections "are general, conclusory, and merely reiterate arguments he has made in previous objections and filing submitted to both the Court and Judge Cott." *Id*. at p. 3 (citing *Wallace v. Superintendent of Clinton Corr. Facility*, 2014 WL 2854631, at *1 (S.D.N.Y. Jun. 20, 2014)). Judge Torres adopted Judge Cott's "thorough and well-reasoned" Report and Recommendation and adopted the Report and Recommendation in its entirety. *Id*. at pp. 3-5.

Pursuant to Judge Torres' Order, Goodman is now barred from, *inter alia*, commencing any action against Sharp in this District without first obtaining leave of court to do so. *Goodman II*, Dkt. 228 at p. 2. Indeed, Judge Cott held that this relief was recommended in his June 12, 2023 Report and Recommendation and should have been included in Judge Torres' June 28, 2023 Order. *Id.*, Dkt. 269 at 3. Stated differently, had Judge Torres ordered the relief recommended pursuant to Judge Cott's June 12, 2023 Report and Recommendation, Goodman would have been prevented from filing the instant lawsuit against Sharp, as Goodman did not obtain leave of Court before commencing this lawsuit.

Thus, for the reasons set forth herein and more fully in the Opening Memorandum and Reply Memorandum, Sharp respectfully requests that the Court grant his Motion to Dismiss and dismiss these vexatious and baseless claims asserted in the Complaint, with prejudice and without leave to amend, and that a filing injunction be imposed barring Goodman from filing any additional documents involving Sharp in this District, and filing any federal district court action (whether *pro se* or otherwise) against Goodman without leave of court, together with such other and further relief as this Court may deem just, proper, and equitable

Dated:     New York, New York
           February 22, 2024

                              Respectfully Submitted,

                              GORDON REES SCULLY MANSUKHANI, LLP

                              *Attorneys for Defendant Adam Sharp*

                              <u>/s/ John Mills</u>
                              Brian E. Middlebrook, Esq.
                              John T. Mills, Esq.
                              One Battery Park Plaza, 28th Floor
                              New York, New York 10004
                              (212) 269-5500 (Phone)
                              (212) 269-5505 (Fax)
                              bmiddlebrook@grsm.com
                              jtmills@grsm.com

# EXHIBIT A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/21/2024_

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

               Plaintiff,

-against-

CHRISTOPHER ELLIS BOUZY, BOT SENTINEL, INC., GEORGE WEBB SWEIGERT, DAVID GEORGE SWEIGERT, BENJAMIN WITTES, NINA JANKOWICZ, ADAM SHARP, MARGARET ESQUENET, THE ACADEMY OF TELEVISION ARTS AND SCIENCES, SETH BERLIN, MAXWELL MISHKIN,

               Defendants.

21 Civ. 10878 (AT) (JLC)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Jason Goodman, brings this action against Defendants Christopher Ellis Bouzy, Bot Sentinel, Inc., George Webb Sweigert, David George Sweigert, Benjamin Wittes, Nina Jankowicz, Adam Sharp, Margaret Esquenet, the Academy of Television Arts and Sciences, Seth Berlin, and Maxwell Mishkin, alleging fraud, defamation, abuse of process, and civil conspiracy. Am. Compl. ¶¶ 52–92, ECF No. 100. As discussed below, the Court has referred several motions to the Honorable James L. Cott for a report and recommendation. *See* ECF No. 268.

    On November 28, 2023, Judge Cott issued a Report and Recommendation ("R&R"), ECF No. 269, recommending, *inter alia*, that the Court (1) grant the motion of the Academy, Sharp, and Esquenet (the "ATAS Defendants") at ECF No. 241 to amend the judgment entered in this case to include a filing injunction prohibiting Goodman from filing any additional suits or claims against them without first obtaining leave of court; (2) grant the application of Bouzy, Bot Sentinel, Inc., Berlin, and Mishkin (the "Bouzy Defendants") at ECF No. 243, seeking the same relief; (3) deny the ATAS Defendants' motion for attorney's

fees at ECF No. 248; and (4) deny Defendant David Sweigert's motion at ECF No. 255 for a filing injunction and other relief against Goodman. R&R at 3–5.

Having reviewed the R&R, and the objections and responses submitted by the parties, ECF Nos. 271–75, for the reasons stated below, the Court OVERRULES the parties' objections and ADOPTS the R&R in its entirety.

## DISCUSSION[1]

I. Standard of Review

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews de novo those portions of the R&R to which objection is made. *Id.*; Fed. R. Civ. P. 72(b)(3). However, when "a party makes only conclusory or general objections, or simply reiterates the original arguments," the court reviews the R&R "strictly for clear error." *Harris v. TD Ameritrade Inc.*, 338 F. Supp. 3d 170, 174 (S.D.N.Y. 2018) (citation omitted); *Wallace v. Superintendent of Clinton Corr. Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014) (citation omitted); *see also Bailey v. U.S. Citizenship & Immigr. Servs.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings . . . do not trigger de novo review."). Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

---

[1] The Court presumes familiarity with the facts and procedural history as detailed in Judge Cott's previous R&Rs, *see* ECF Nos. 59, 203, and, therefore, does not summarize them here.

2

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted). An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

"*Pro se* parties are generally accorded leniency when making objections." *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008). "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Id.* (citation omitted).

## II. Goodman's Objections

Goodman's objections, ECF No. 272, are general, conclusory, and merely reiterate arguments he has made in previous objections and filings submitted to both the Court and Judge Cott. *See Wallace*, 2014 WL 2854631, at *1. The Court has reviewed Judge Cott's thorough and well-reasoned R&R for clear error and finds none. Accordingly, Goodman's objections to the R&R are OVERRULED.

## III. Sweigert's Objections

Sweigert objects to Judge Cott's recommendation that this Court deny his request, contending that Judge Cott erroneously placed his motion "on the identical course of other defendants that have sought individualized" filing injunctions, thus failing to address his specific request for a show cause hearing. ECF No. 274 at 5.

3

However, Sweigert requested an order directing Goodman "to show cause in writing" why Goodman should not be required to "seek [court] permission to file any new action" that is "based [on], relies upon, or promotes a conspiracy theory." *See* ECF No. 255 at 1, 3. Although Sweigert's motion was titled a "motion for show cause hearing," the ultimate relief sought was, in essence, a filing injunction. Judge Cott acted well within his discretion in construing Sweigert's request for a written order or hearing as a motion for an injunction requesting the same ultimate relief. *E.g.*, *Highland CDO Opportunity Master Fund, L.P. v. Citibank, N.A.*, No. 12 Civ. 2827, 2014 WL 6686600, at *3 (S.D.N.Y. Nov. 21, 2014) (where the parties' letters "adequately present [their] views of a straightforward request, it is [] appropriate . . . to treat the letters themselves as motion papers and to rule on the merits"); *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) (holding that "district court did not abuse its discretion in construing the letter as a motion and denying the motion"); *cf.* Fed. R. Civ. P. 1 (stating that the Rules "should be construed, administered, and employed . . . to secure the just, speedy, and inexpensive determination of every action and proceeding").

Further, Sweigert does not challenge Judge Cott's conclusion: that the relief sought is both vague and unenforceable. R&R at 4. Because Sweigert does not address this point, the Court reviews the R&R on this issue "strictly for clear error," *Harris*, 338 F. Supp. 3d at 174, and concludes that Judge Cott did not clearly err in his analysis.

## CONCLUSION

The Court has reviewed the remainder of the R&R for clear error and finds none. For the foregoing reasons, the Court OVERRULES the parties' objections and ADOPTS the R&R in its entirety. Accordingly:

1. The ATAS Defendants' motion, ECF No. 241, to amend the judgment to impose a filing injunction barring any future filings by Goodman against the

4

ATAS Defendants in this District without first obtaining leave of court is GRANTED.

2. The Bouzy Defendants' application, ECF No. 243, to amend the judgment to impose a filing injunction barring any future filings by Goodman against the Bouzy Defendants in this District without first obtaining leave of court is GRANTED.

3. The ATAS Defendants' motion for attorney's fees, ECF No. 248, is DENIED.

4. Defendant David Sweigert's motion for an injunction and other relief, ECF No. 255, is DENIED.

Accordingly, the Court ADOPTS Judge Cott's R&R in its entirety. The parties' objections are OVERRULED. The Clerk of Court is directed to terminate the motions at ECF Nos. 241, 243, 248, and 255, and enter judgment consistent with this order and the R&R.

SO ORDERED.

Dated: February 21, 2024
New York, New York

ANALISA TORRES
United States District Judge

5