UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

                          Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                          Defendants.

23-CV-9648 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

    Before the Court are two issues: (1) a letter from Non-Party Swiegert ("Swiegert") requesting that the Court reconsider its denial of his motion to intervene, *see* ECF Nos. 8, 54–55, 58, and (2) a motion from Plaintiff Jason Goodman ("Goodman") that the Court hold Swiegert and Defendant Adam Sharp in contempt of court, *see* ECF No. 59.

    The Court DENIES Swiegert's request for reconsideration. "It is well-settled that [a motion for reconsideration] is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple. Rather, the standard for granting a . . . motion for reconsideration is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (cleaned up). Although Swiegert provides "newly discovered evidence," the evidence in support of his request does nothing more than demonstrate a reputational interest in this litigation. And as previously noted, case law holds that a reputational interest in a litigation is insufficient to justify intervention. *See*, *e.g.*, *A.S. v. City Sch. Dist. of Albany*, 2021 WL 4198411, at *6 (N.D.N.Y. Aug. 11, 2021).

The Court also DENIES Goodman's motion for contempt and no response is necessary. "To demonstrate contempt, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *Next Invs., LLC v. Bank of China*, 12 F.4th 119, 128 (2d Cir. 2021) (quoting *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 142 (2d Cir. 2014)). Goodman argues that Swiegert has refused to follow the Court's order that Swiegert not file in this case. *See* ECF No. 60 at 2–3. However, filing a motion for reconsideration of the Court's previous order denying Swiegert's motion to intervene is not a violation of the Court's order.

The Clerk of Court is directed to terminate ECF No. 59.

Dated: March 1, 2024
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge