**MEMO ENDORSED**

Hon. Jessica G. L. Clarke
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007
Via pro se electronic filing

Re: Case No.: 1:23-cv-09648-JGLC-GWG
Goodman v City of New York et al

March 12, 2024

Dear Judge Clarke,

I write to respectfully request reconsideration, or in the alternate clarification of the memorandum endorsement issued on March 12, 2024, (Dkt. 74). It appears the Court may have made an oversight which would have been caused by a clear error that occurred in the pro se office upon my filing the second motion seeking contempt, (Dkt. 69).

When the clerks originally entered the filing, the memorandum in support of the motion was omitted. Instead, a copy of a previous filing was entered which may have caused Your Honor to presume the March 11 contempt motion was duplicative due to my pro se status, or perhaps caused the Court to evaluate some other incorrect filing.

The clerk's error was later corrected, but this confusion, combined with Your Honor's failure to admonish nonparty Sweigert for such obviously inappropriate, hateful, and completely abhorrent conduct causes me to believe the Court may not have reviewed the proper documents.

Additionally, the focus of the endorsement was Sweigert's motion for reconsideration. The Court failed to address his totally unnecessary, bigoted, and harassing letter to Ms. Anderson and myself, or his perpetual efforts to disrupt this case on Mr. Sharp's behalf.

Due to the intensely upsetting nature of Sweigert's most recent obstruction of the Court, the error introduced by the clerks, and the Court's failure to address any of Sweigert's odious

actions, it has become crucial that I clarify to the Court that Mr. Sweigert sent a letter to opposing counsel in which he referred to me as a **"fucking Jew"** [emphasis added] not once, but twice. He also felt it necessary to send me a copy of the letter which I have included.

Even if the Court determines that statements made to New York City Employees who are not in law enforcement are privileged, surely mailing the same antagonistic letter to me has no legitimate purpose beyond harassment on the basis of my Jewish heritage. It is unbelievable to me that any judge in service of justice could allow such an act to stand uncontested.

Your Honor's memorandum endorsement could only be the result of oversight or clear error. The alternative would suggest the Court grants Sweigert or any nonparty, license to intimidate Jewish litigants with impunity. Such an implausible alternative would make a fair trial in this Court impossible for any Jew. This pernicious issue requires immediate resolution.

The most recent motion was not seeking contempt for Sweigert's filing of a motion for reconsideration, but rather for his ongoing inappropriate and arguably illegal harassment and disruption of the case. This directly mimics his previous effort to intimidate attorneys for the benefit of Mr. Sharp and simply cannot be allowed. I respectfully request reconsideration of the motion for contempt and a show cause hearing to include Mr. Sharp and Mr. Sweigert.

The motion to reconsider the Court's ruling is GRANTED. On reconsideration, the Court again DENIES the motion for contempt. Plaintiff's filings fail to show the elements of contempt as to either of the individuals named. *See* ECF No. 64. In brief, the conduct Plaintiff describes does not show that any court order has been violated.

Respectfully submitted,

Jason Goodman

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

Dated: March 18, 2024
           New York, New York

D. G. SWEIGERT<br>
PMB 13339, 514 Americas Way,<br>
Box Elder, SD 57719<br>
<br>
February 29, 2024

Mary Anderson, esq.
New York City Law Department
100 Church Street
New York, NY 10007

**SUBJ: Freedom of Information Law (FOIL) request for N.Y.P.D. records of visits to Jason Goodman's business offices at 252 7th Avenue, Suite 6-S, N.Y., N.Y. 10001**

**Dear Ms. Anderson,**

This is a request for the documents identified under the FOIL Act. These records include police reports made by officers that have responded to Jason Goodman's address at Suite 6-S at 252 7th Avenue, zip 10001.

Jason Goodman has distributed a video as he appears at his apartment door (Unit 6-S) with two 10th Precinct N.Y.P.D. officers (recorded on Mr. Goodman's camera and broadcast on social media). These two N.Y.P.D. officers (as seen on the video) requested information about a 911 caller that summoned police to Mr. Goodman's apartment. In the subject video, Mr. Goodman is heard telling the officers that someone in the lobby had yelled "Kill Jason Goodman that ==fucking Jew==" and wanted to file a report. During that video Mr. Goodman voiced his disgust for the 10th Precinct to the N.Y.P.D. officers for not taking a complaint regarding the ==*"fucking Jew"*== comment.

Best,

*D. Swt*

D.G. Sweigert

Copies:

**Jason Goodman
252 7th Avenue, Suite 6-S
New York, N.Y. 10001**