

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**MARY JANE ANDERSON**
*Assistant Corporation Counsel*
Phone.: (212) 356-2415
Fax: (212) 356-3509
maanders@law.nyc.gov

March 18, 2024

**VIA E.C.F.**
Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: <u>Jason Goodman v. the City of New York, et al.</u>, 23 Civ. 9648 (JGLC) (GWG)

Your Honor:

I am an Assistant Corporation Counsel of the New York City Law Department and the attorney representing defendants the City of New York, Lieutenant Ebrahim, and Officers Caruso and Castro in this matter. Defendants write pursuant to Your Honor's Individual Rule 2(A), to request a premotion conference in anticipation of our motion to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). We also write to respectfully request a stay of the deadline to respond to the Complaint while this motion is being considered. Though I attempted to ascertain Plaintiff's position on the instant request, I was unable to do so. Defendant Sharp has no objection the instant request, and Defendant X Corp does not oppose the request. This is the first request for a stay of the answer deadline in anticipation of a pre motion conference.[1]

By way of background, Plaintiff filed the Complaint on October 31, 2023. Defendant X Corp. moved to dismiss the Complaint on December 4, 2023. (ECF No. 18). Defendant Sharp moved to dismiss on January 2, 2024. (ECF No. 34). On December 6, 2023, the instant action was referred to Your Honor for dispositive motion practice. (<u>See</u> ECF No. 23). We requested extensions of time to submit a response to the complaint for various reasons, one being that we required additional time to finalize our motion papers, as we intend on moving to dismiss the Complaint. We are prepared to file our motion, however, we write today pursuant to Your Honor's Individual Rule 2(A) to request a pre motion conference, and to request a stay of the deadline to file a response to the Complaint in light of this request.

---

[1] Though it is the first request for a stay, we have previously made four applications requesting an extension of time to submit a responsive pleading.

I.  **Request for a Pre-Motion Conference**

   A.  **The Video Footage that Plaintiff Sent to the Undersigned is Incorporated By Reference and Should be Considered with Defendants' Motion Papers**

   As an initial matter, Defendants intend to submit video footage of a portion of the incident as an exhibit to their motion. On February 27, 2024, Plaintiff sent the undersigned video footage of the November 1, 2022 incident, which is referenced in the Complaint. (See Compl., p. 13 ¶42). In deciding a motion to dismiss, courts may consider "the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice for the factual background of the case." Roberts v. Babkiewicz, 582 F.3d 418, 419 (2d Cir. 2009). "Courts may infer from the factual allegations in the complaint 'obvious alternative explanations,' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer." McDowell v. Gonzalez, 424 F. Supp. 3d 1214, 1220 (quoting ADA v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting Ashcroft v. Iqbal, 556 U.S. at 682). On a 12(b) motion, courts are generally limited to the facts contained in the complaint and attached exhibits. McDowell v. Gonzalez, 424 F. Supp. 3d 1214, 1220 (quoting Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009); see also Maxcess, Inc. v. Lucent Techs., Inc., 433 F.3d 1337, 1340 n.3 (11th Cir. 2005) ("[A] document outside the four corners of the complaint may still be considered if it is central to the plaintiff's claims and is undisputed in terms of authenticity." (citing Horsley v. Feldt, 304 F.3d 1125, 1135 (11th Cir. 2002))). When a Plaintiff references a video in the pleadings itself, a Court may consider that footage. See Moran v. Town of Greenwich, 2021 U.S. Dist. LEXIS 152604, at *15 (dismissing Plaintiff's claims and considering body worn camera footage when it was referenced in the Plaintiff's Complaint) see also Chambers v. Time Warner, Inc., 282 F.3d 147, 152-53 (2d Cir. 2002) (a court need not convert a motion to dismiss into a motion for summary judgment when it considers "'any written instrument attached to [the complaint] as an exhibit or any statements or documents incorporated in it by reference[,]'" and noting that "[e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint'" (quoting Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co., 62 F.3d 69, 72 (2d Cir. 1995))). Thus, the Court can rely on the attached video submitted by Plaintiff to the undersigned detailing the events leading up to the issuance of a summons for disorderly conduct.

   B.  **All of Plaintiff's Claims Against the City Defendants' Fail**

   Plaintiff asserts, on pages 27-31, four causes of action: unlawful detention, violations of due process, excessive force, and first amendment retaliation. He also lists an entire litany of claims on page 2 of the Complaint. Defendants intend to address those four claims, in addition to the claims that Plaintiff seems to attempt to assert against the City Defendants in their motion papers.

   Looking solely at the four corners of the complaint, Plaintiff fails to state a claim for excessive force and denial of due process as it relates to the City Defendants because he does not allege that any City Defendant was involved in either of these claims. To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts demonstrating each Defendant's personal involvement in the alleged § 1983 violation. See Gaston v. Coughlin, 249 F.3d 156, 164 (2d Cir. 2001). Accordingly, allegations that discuss several individual defendants "together without pleading

facts demonstrating what each did that makes him liable are impermissible to allege personal involvement." Taylor v. Microgenics Corp., No. 21 CV 6452 (VB), 2023 U.S. Dist. LEXIS 22561, at *22 (S.D.N.Y. Feb. 9, 2023).  Thus, these claims fail.

In addition, plaintiff fails to plead a municipal liability claim. Plaintiff merely alleges "[u]pon information and belief…defendants engaged in the acts complained of herein with respect to First Amendment-based claims, including the related municipal liability claims involving the adoption of policies, practices, and/or customs and/or related failures to train, supervise, and/or discipline - with malice." Compl. p. 30 ¶109. Plaintiff did not suffer a constitutional violation, and at best, describes actions taken by individuals below the policymaking level, defeats any purported Monell claim. Lockwood v. Town of Hempstead, CV 16-3756 (SJF)(AYS), 2017 U.S. Dist. LEXIS 27339, *32 (E.D.N.Y. Feb. 24, 2017). ("Plaintiff's complaint contains …no allegation [] regarding whether one or more individuals exercised the required 'final policymaking authority' in causing plaintiff's alleged injury. For these reasons, Plaintiff fails to demonstrate a Monell violation based upon the acts of an individual with policy making authority.").

Lastly, plaintiff fails to plausibly state a claim for unlawful detention.  Courts in this circuit have considered false arrest and unlawful detention claims to be substantially the same claim. Little v. City of New York, 487 F. Supp. 2d 426, 437 (S.D.N.Y. 2007).  Applying the false arrest framework, Plaintiff's unlawful detention claim fails. "Where a § 1983 plaintiff pleads false arrest, the lack of probable cause must be pleaded in the complaint."  Chepilko v. Bushuyev, 2016 U.S. Dist. LEXIS 150530, at *9 (S.D.N.Y. Oct. 28, 2016).  It must be more than invoking the legal term.  Courts have dismissed complaints that fail to "alleg[e] some plausible factual content as to why the arresting officers' belief that [the plaintiff] had committed a crime was not reasonable." See Murchison-Allman v. City of New York, 2016 U.S. Dist. LEXIS 44717, at *4 (S.D.N.Y. Mar. 31, 2016) (dismissing false arrest claim after declining to accept plaintiff's bare allegation that defendants lacked probable cause since plaintiff's complaint "alleges no facts to buttress" the allegation.).

Plaintiff, after calling 911 and claiming he was "choked," was issued a summons for disorderly conduct.  A review of the video plaintiff provided shows that he and another woman cursed at each other for several minutes until a physical altercation ensued, while multiple individuals were in the vicinity.  (See Ex. A, Video Footage of the November 1, 2022 Incident at 2:21-9:45).  After the police arrived and reviewed some video, they made a determination to issue a summons for disorderly conduct. A person may be guilty of disorderly conduct when their conduct becomes "a potential or immediate public problem. People v. Weaver 16 N.Y.3d 123 at 128 (internal quotations omitted).[2]  Given the circumstances here, there was probable cause to detain plaintiff and issue him a summons.

Plaintiff further fails to assert a first amendment retaliation claim, as he does not plausibly allege any facts that show that any member of NYPD engaged in any retaliatory act. He attempts to claim that he was unlawfully detained and subjected to excessive force because he was engaging in protected speech, *i.e.*, "journalism" (see Compl. 104-105), however, for the reasons stated

---

[2] Defendants respectfully reserve the right to analyze all of the claims in their motion papers.

3

above, he was not unlawfully detained nor was he subject to excessive force by any of the City Defendants.

## II. Request for a Stay of the Deadline to Respond to the Complaint

Given the anticipated pre-motion conference, Defendants are not submitting their motion papers today. However, the motion papers are nearly finalized, and we are able to submit our motion as soon as the Court requires us to do so. Nevertheless, we respectfully request a stay of the deadline to respond to the Complaint until *after* the pre-motion conference in order to comply with Your Honor's Individual Rule 2(A).

Defendants thank the Court for its time and consideration herein.

Respectfully submitted,

*Mary Jane Anderson*   /s/
Mary Jane Anderson
Assistant Corporation Counsel
Special Federal Litigation Division

Cc:   VIA FIRST-CLASS MAIL & EMAIL
Jason Goodman
252 7th Avenue
Apt. 6S
New York, NY 10001
truth@crowdsourcethetruth.org

VIA ECF
Counsel of Record

4