

707 Wilshire Blvd.
Suite 3850
Los Angeles, CA 90017

TEL 213.955.9240
FAX 213.955.9250

willenken.com

Kenneth M. Trujillo-Jamison
ktrujillo-jamison@willenken.com

April 22, 2024

**VIA ECF**

The Honorable Gabriel W. Gorenstein
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Jason Goodman v. The City of New York, et al.*
      SDNY Case No.:  1:23-cv-09648-JGLC-GWG

Your Honor:

We represent defendant Elon Musk in the above-referenced matter. We write concerning the clerk's erroneously entered certificate of default against Mr. Musk.

On March 22, 2024, in an apparent error, Plaintiff "obtained a clerk's certificate of default as to defendant Musk." Order to Show Cause (Dkt. 84). Three days later, this Court ordered Plaintiff to show cause "why the claims as to Musk should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim." *Id.* In that order, the Court observed that although "it is unclear to the Court whether the filings in this case show proper service as to defendant Musk, it is unnecessary to reach that issue at this time." *Id.* at 1.[1]

The clerk's certificate of default incorrectly states that "a copy of the summons and complaint was served on [Mr. Musk] by alternate service . . . . pursuant to Fed. R. Civ. P. 4(e)(1) and NY CPLR § 308(4)." Dkt. 83 at 1. Service under New York Civil Practice Law & Rule § 308(4) is sufficient only "where service under paragraphs one [*i.e.*, "by delivering the summons within the state to the person to be served"] and two [*i.e.*, "by delivering the summons within the state to a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served and by mailing the summons by first class mail to the person to be served at his or her actual place of business . . ."] cannot be made with due diligence . . . ." *Id.*

Plaintiff's "Affidavit of Attempted Service" (which the Court docketed as "Summons Returned Unexecuted," *see* Notice of Electronic Filing for Dkt. 44) shows that Plaintiff did not

---

[1] Mr. Musk interprets the Court's Order to Show Cause to mean the Court intends to first decide whether Plaintiff's claims against Mr. Musk should be dismissed under Rule 12(b)(6), and that it would decide whether Mr. Musk was properly served only if one or more of Plaintiff's claims against Mr. Musk survives dismissal. Accordingly, Mr. Musk is not presently requesting (and thus preserving his right) to seek leave to file a motion to vacate the clerk's certificate of default. Mr. Musk respectfully submits this letter, however, to respectfully explain why "the filings in this case" fail to "show proper service as to defendant Musk." Dkt. 84 at 1.

April 22, 2024
Page 2

comply with Section 308(4) in attempting to serve Mr. Musk. Indeed, it is clear from the face of that document that Plaintiff's process server did not deliver a copy of the summons and complaint to *anyone*—much less to Mr. Musk or "a person of suitable age and discretion" at his place of business, dwelling place, or usual place of abode, as required by Section 308(4). Dkt. 44 at 1-2; N.Y. C.P.L.R. § 308(1), (2), (4). Instead, Plaintiff's process server attempted to serve Mr. Musk at a *different address* from the one listed in the Summons. *Compare* Dkt. 44 at 1 (stating the process server attempted to personally serve Elon Musk at **22** Memes Street in Brownsville, TX) *with id.* at 4 (listing Mr. Musk's address at **26** Memes Street in Brownsville, TX). Thus, Plaintiff failed to demonstrate the requisite "due diligence" in attempting to serve Mr. Musk under N.Y. C.P.L.R. § 308(1)-(2), and thus his attempt at service under N.Y. C.P.L.R. § 308(4) was insufficient. *See, e.g.*, *Interboro Ins. Co. v. Tahir*, 129 A.D.3d 1687, 1689 (N.Y. App. Div. 2015) (holding that the plaintiff's process server's affidavit "fail[ed] to demonstrate the requisite due diligence" under N.Y. C.P.L.R. § 308(4) because it did not demonstrate the process server attempted service at the defendant's "actual dwelling place or usual place of abode, and there [was] no indication that the process server made genuine inquiries to ascertain [the defendant's] actual residence or place of employment") (internal citations omitted).

As further confirmation that Plaintiff failed to properly serve Mr. Musk, he "requested permission to serve Mr. Musk by alternate means pursuant to FRCP Rule 4(f)(3)" *after* filing his Affidavit of Attempted Service—a request that remains pending. Dkt. 46 at 1. In other words, by making that request, Plaintiff effectively conceded his prior attempts at serving Musk were insufficient.

In sum, Plaintiff has failed to show he properly served Mr. Musk, and the clerk's certificate of default should not have been entered. If the Court does not resolve the Order to Show Cause by dismissing all of Plaintiff's claims against Mr. Musk (and it should for the reasons stated in X Corp.'s Response to the Cort's Order to Show Cause) Mr. Musk respectfully requests leave to file a motion to vacate the clerk's certificate of default.[2]

Sincerely,

*/s/ Kenneth M. Trujillo-Jamison*

Kenneth M. Trujillo-Jamison
*Attorneys for Defendant Elon Musk*

---

[2] Musk also reserves the right to seek leave to file a motion to dismiss Plaintiff's complaint, in which he may (among other defenses) assert the defense of insufficient service of process under Federal Rule of Civil Procedure 12(b)(5).

