IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK     23-cv-09648-JGLC-GWG
-------------------------------------------------------------------X
                      JASON GOODMAN,

                            Plaintiff,         **REPLY TO DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER**

                  -against-

THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT LIEUTENANT GEORGE EBRAHIM, NEW YORK CITY POLICE DEPARTMENT OFFICER CHANDLER CASTRO, NEW YORK CITY POLICE DEPARTMENT OFFICER JENNIFER CARUSO, NEW YORK CITY POLICE DEPARTMENT OFFICER KELVIN GARCIA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JANE DOE, ELON MUSK, X CORP, ADAM SHARP.
                            Defendants.
-------------------------------------------------------------------X

      Plaintiff, Jason Goodman, ("Goodman") by and for himself pro se, respectfully submits the following reply to defendants' response to the order to show cause;

      1.     Irrespective of any agreement between defendant Elon Musk ("Musk"), the NYPD, his personal security team, security contractors or anyone else, it is not disputed that Musk purchased Twitter on or around October 27, 2022, and renamed the company X Corp.

      2.     It is not disputed that Musk owned X Corp on October 31, 2022 and November 1, 2022 when plaintiff Goodman traveled to 249 West 17th street with the intention of providing Musk with evidence of improper FBI involvement at X Corp.

      3.     It is not disputed that prior to Musk's acquisition, X Corp and its employees interacted with the FBI and participated in an effort to prevent a New York Post report about Hunter Biden's laptop from reaching the public prior to the 2020 presidential election.

REPLY TO DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER            1

4. It is not disputed that former X Corp CEO Jack Dorsey testified before the U.S. Senate about censorship of the New York Post, were he stated the decision to block the story was "incorrect" (https://www.nytimes.com/live/2020/10/28/technology/tech-hearing).

5. It is not disputed that former X Corp employees including James Baker, ("Baker") testified under oath before the House Oversight Committee on February 8, 2023, about "Twitter's Role in Suppressing the Biden Laptop Story," (https://oversight.house.gov/hearing/protecting-speech-from-government-interference-and-social-media-bias-part-1-twitters-role-in-suppressing-the-biden-laptop-story/).

6. It is not disputed that Baker served as the FBI General Counsel from January 2014 to December 2017, https://en.wikipedia.org/wiki/James_A._Baker_(government_attorney).

7. It is not disputed that on or about December 6, 2022, Musk terminated Baker's employment at X Corp, stating publicly, "In light of concerns about Baker's possible role in suppression of information important to the public dialogue, he was exited from Twitter today", (https://twitter.com/elonmusk/status/1600237095364096000).

8. Even if the court agrees with the defendants and finds the plaintiff's complaint so inartfully pled or otherwise defective with regard to the rules of procedure or cited statutes, it must still be construed in the manner most favorable to the pro se plaintiff.

9. Goodman made a good faith effort to alert Musk of improper FBI activity at his new acquisition five weeks before Musk would Baker for serving the needs of the FBI over those of X Corp. Goodman alleges Baker was doing exactly this on November 1, 2022.

10. On October 21, 2022, vexatious non-party David George Sweigert ("Sweigert") sent an email to legal@twitter.com, abuse@twitter.com, privacy@twitter.com and approximately twenty additional recipients, **(EXHIBIT A)**.

REPLY TO DEFENDANTS' RESPONSE TO SHOW CAUSE ORDER                                         2

11. In the email, Sweigert alerted the recipients to Goodman's attempt to communicate with a security guard at the office complex of Musk's Space X corporation near Austin Texas. (https://odysee.com/@Crowdsourcethetruth:d/GhostTownUSAAustinTX:6)

12. This evidence weighs in favor of Goodman's allegation that Sweigert also alerted security, legal and other departments at X Corp on October 31, 2022 and November 1, 2022.

13. There is substantial video and other evidence that is likely to prove that Goodman's attackers were X Corp employees.  This case cannot be dismissed until the court has reviewed the video evidence and learned the identities of Goodman's assailants.

14. Even if the NYPD defendants share the identities in camera and only with the court, it can easily be learned if they are or were X Corp employees at the time of this incident. Defendant Jennifer Caruso stated they were "known to the department" on the citation.

15. If the assailants were indeed X Corp employees, as the owner of X Corp on when the assault took place, under the doctrine of respondeat superior Musk should be held liable for these actions because, inter alia, they were done in the course of maintaining security at 249 West 17th street and at the behest of X Corp legal in the interest of the FBI.

16. It is not disputed that the FBI exerts control over local law enforcement agencies including the NYPD through memoranda of understanding and various agreements that enable the JTTF, (https://www.fbi.gov/news/stories/new-york-jttf-celebrates-35-years).

17. Each of the NYPD defendants are also implicated pursuant to NYPD agreements and vicarious liability for improper actions taken at the request of or in the interest of the FBI.

## CONCLUSION

18. The Court must not dismiss this case until it has reviewed the 39 minutes of video evidence and additional supplemental photographic and video evidence that document this

incident and follow up interactions with several of the NYPD defendants in extensive detail. Even if the court finds the current complaint inadequate, leave should be granted to amend the complaint to properly reflect the nature and seriousness of these claims.

Dated: New York, New York April 29, 2024

Respectfully submitted,

Jason Goodman
Pro Se Plaintiff
truth@crowdsourcethetruth.org
252 7th Avenue Apt 6s
New York, NY 10001
347-380-6998

**(EXHIBIT A)**

**From:** Spoliation Notice spoliation-notice@mailbox.org
**Subject:** Tesla Security Breach by YouTuber who may be working with George Webb
**Date:** October 21, 2022 at 5:48 PM
**To:** georg.webb@gmail.com, jason@21stcentury3d.com, truth@crowdsourcethetruth.org, Spoliation Notice spoliation-notice@mailbox.org, spoliation@posteo.net, Press@tesla.com, EUPress@tesla.com, APACPress@tesla.com, China-Press@tesla.com, chinasonsul_san_us@mfa.gov.cn, visa.sf@gmail.com, losangeles_consulate@hotmail.com, chinaembpress_us@mfa.gov.cn, visa_us@mfa.gov.cn, chinaconsul_ny_us@mfa.gov.cn, cnnyconsulate@gmail.com, privacy@tesla.com, legal@support.youtube.com, legal@twitter.com, abuse@twitter.com, copyright@youtube.com, privacy@twitter.com, google-legal-support@google.com, Press press@botsentinel.com

See time-mail 10:49 of the below video that describes Jason Goodman's social engineering of poorly training Tesla Security personnel, which should be dismissed.

Background artifacts on this Russian affiliated SPUTNIK operative are attached.

Best,

Please pass to Tesla security, Jason Goodman has attempted entry via guard shack, see video:

https://www.youtube.com/watch?v=XZFygP5o6zg

---------- Original Message ----------
From: Spoliation Notice <spoliation-notice@mailbox.org>

Date: 10/17/2022 1:16 PM PDT
Subject: New York Stalker now at the Alamo -- Jason Goodman

Here he is   ...   beware

https://www.youtube.com/watch?v=U0dEZhFMLD4

Goodman is considered a Russian affiliate of SPUTNIK



Television Academy Wins Injunction Against Conspiracy Theorist









Judgment or Order," permits a court, in its discretion, to rescind or amend a final judgment or order in limited circumstances. *See Cole v. Leverett*, 2012 WL 527011, at *1 (E.D.N.Y. Feb. 15, 2012). Rule 60(b)(3) provides that a court may "relieve a party . . . from a final judgment [or] order" if there was "fraud . . . misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). The Court may also relieve a party based on "any other reason that justifies relief," *id.* 60(b)(6); nothing in Rule 60 shall "limit a court's power to . . . set aside a judgment for fraud on the court," *id.* 60(d)(3).

The Second Circuit has held that Rule 60(b) constitutes "extraordinary judicial relief" and should be "invoked only upon a showing of exceptional circumstances." *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir.1986). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir.1995).

Here, Plaintiff does not provide any authority or evidence that the Court overlooked in dismissing his action, nor does he allege any exceptional circumstances that might otherwise justify relief under Rule 60. Rather, Plaintiff has reasserted the same meritless arguments of fraud and attorney misconduct against Defendants that this Court has already dismissed. Accordingly, Plaintiff's motion for reconsideration is DENIED.

SO ORDERED.

**Jason Goodman = meritless**

Date: 9/6/2022

HON. VALERIE CAPRONI
UNITED STATES DISTRICT JUDGE

---

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GEORGE W. SWEIGERT,

Plaintiff,

v.                                                     Case No. 22-cv-10002

JASON GOODMAN,                                         U.S. DISTRICT COURT JUDGE
                                                       GERSHWIN A. DRAIN
Defendant.

_____/

### ORDER ENJOINING DEFENDANT FROM CONTACTING COURT PERSONNEL AND FAMILY, REQUIRING DEFENDANT TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED AND SCHEDULING SHOW CAUSE HEARING FOR MARCH 4, 2022 AT 11:00 A.M.

On January 3, 2022, *pro se* Plaintiff George W. Sweigert, a Georgia resident,

It has recently come to the Court's attention that Defendant Goodman, as early as June of 2021, has contacted Court personnel complaining about the manner in

which *pro se* documents are filed on the Court's electronic case management docketing system. Defendant Goodman has engaged in a pattern of harassing and abusive phone calls to Court personnel. Defendant Goodman has also contacted a federal law enforcement agent to lodge unfounded fraud claims against this Court's personnel. In the past month, Defendant Goodman has escalated his harassing behavior. He obtained the personal cellular and home phone numbers of Court staff and their family members and contacted them outside of Court business hours. During his phone calls, Defendant Goodman yells in a tirade raising myriad accusations against these Court personnel.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK        23-cv-09648-JGLC-GWC
-----------------------------------------------------------------X
                JASON GOODMAN,

                            Plaintiff,                **CERTIFICATE OF**
            -against-                                **SERVICE**

THE CITY OF NEW YORK and NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY MAYOR
ERIC ADAMS, NEW YORK CITY POLICE
DEPARTMENT LIEUTENANT GEORGE EBRAHIM,
NEW YORK CITY POLICE DEPARTMENT OFFICER
CHANDLER CASTRO, NEW YORK CITY POLICE
DEPARTMENT OFFICER JENNIFER CARUSO, NEW
YORK CITY POLICE DEPARTMENT OFFICER
KELVIN GARCIA, JOHN DOE 1, JOHN DOE 2, JOHN
DOE 3, JOHN DOE 4, JANE DOE, (fictitious names
intended to be officers, representatives, agents, servants of
the New York City Police Department, individually and in
their official capacities, ELON MUSK, X CORP, ADAM
SHARP.
                           Defendants.
-----------------------------------------------------------------X

       It is hereby certified that pro se plaintiff, Jason Goodman, served counsel for Defendants the City of New York, X Corp and Adam Sharp with a copy of the reply to defendants' response to show cause order:

maanders@law.nyc.gov
ktrujillo-jamison@willenken.com
pshimamoto@willenken.com
jtmills@grsm.com
BMiddlebrook@grsm.com

                                            Dated: New York, New York April 29, 2024

                                                  Respectfully submitted,

                                                       Jason Goodman
                                                      Pro Se Plaintiff
                                   truth@crowdsourcethetruth.org
                                        252 7th Avenue Apt 6s
                                                 New York, NY 10001
                                                     347-380-6998