23 Civ. 09648 (JGLC) (GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.,

Defendant.

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANTS THE CITY OF NEW YORK, NYPD LIEUTENANT EBRAHIM, OFFICERS CASTRO, CARUSO, AND GARCIA'S MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

***HON. SYLVIA O. HINDS-RADIX***
Corporation Counsel of the City of New York
*Attorney for Defendants City of New York, Ebrahim, Castro, Caruso, and Garcia*
100 Church Street
New York, New York 10007

Of Counsel: Elissa B. Jacobs
Tel: (212) 356-3540

May 9, 2024

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ..... iii

PRELIMINARY STATEMENT ..... 1

ARGUMENT

CITY DEFENDANTS ACCURATELY RELAYED THE FACTS OF THE CASE IN THEIR MOTION TO DISMISS ..... 1

PLAINTIFF'S UNLAWFUL DETENTION CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF ADMITS THAT IT IS PREDICATED ON ACTIONS BY THE DOE DEFENDANTS AND NOT THE CITY DEFENDANTS ..... 3

WHERE PLAINTIFF FAILS TO ADEQUATELY ADDRESS ARGUMENTS THE CLAIMS SHOULD BE DISMISSED ..... 5

PLAINTIFF'S CONSPIRACY CLAIM SHOULD BE DISMISSED BECAUSE IT IS BASED ON NOTHING MORE THAN PLAINTIFF'S "PRESUMPTIONS" ..... 7

PLAINTIFF'S MALICIOUS PROSECUTION CLAIM FAILS AS THERE WAS PROBABLE CAUSE TO ISSUE A SUMMONS AND PLAINTIFF WAS NOT SEIZED ..... 9

PLAINTIFF'S CLAIMS FAIL BECAUSE EVEN HE IS UNSURE OF THE CLAIMS HE IS BRINGING ..... 10

CONCLUSION ..... 11

# TABLE OF AUTHORITIES

**Cases** **Pages**

Biswas v. City of New York,
973 F. Supp. 2d 504 (S.D.N.Y. 2013)....................9

Burg v. Gosselin,
591 F.3d 95 (2d Cir. 2010)....................9

Chepilko v. Bushuyev,
14 Civ. 6732 (GBD)(GWG), 2016 U.S. Dist. LEXIS 150530
(S.D.N.Y. Oct. 28, 2016)....................4

Curley v. Village of Suffern,
268 F.3d 65 (2d Cir. 2001)....................6

Gesualdi v. LR Safety Consultants & Constr. Servs., LLC,
No. CV 19-2404 (DRH) (AYS), 2020 U.S. Dist. LEXIS 207494
(E.D.N.Y. Nov. 3, 2020)....................5

Goldring v. Davidson,
18-CV-06201 (ALC), 2020 U.S. Dist. LEXIS 57703
(S.D.N.Y. Apr. 1, 2020)....................5

Hawthorne v. County of Putnam,
492 F. Supp. 3d 281 (S.D.N.Y. 2020)....................9

Jackson v. Fed. Exp.,
766 F.3d 189 (2d Cir. 2014)....................5

Lipton v. Cnty. of Orange, N.Y.,
315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004)....................5

McDaniel v. City of New York,
585 F. Supp. 3d 503 (S.D.N.Y. Feb. 15, 2022)....................8

Murphy v. Lynn,
118 F.3d 938 (2d Cir. 1997)....................9

Rohman v. New York City Transit Auth.,
215 F.3d 208, 215 (2d Cir. 2000)....................9, 10

Sadallah v. City of Utica,
383 F.3d 34 (2d Cir. 2004)....................11

Thomas v. City of New York,
No. 03-CV-1797 (CPS), 2007 U.S. Dist. LEXIS 53891

**Cases** **Pages**

(S.D.N.Y. Jul. 24, 2007) ....................................................................................5

Zherka v. Amicone,
634 F.3d 642 (2d Cir. 2011)....................................................................................11

Zilioli v. City of New York,
17cv9495, 2020 U.S. Dist. LEXIS 57704
(S.D.N.Y. Apr. 1, 2020) ....................................................................................9

**Statutes** **Pages**

42 U.S.C. § 1983…………………………………………………………………...…4, 8, 9, 10

## PRELIMINARY STATEMENT

City Defendants respectfully submit this Reply Memorandum of Law in further support of their Motion to Dismiss[1] and in response to the Plaintiff's May 2, 2024 Opposition. (*See* Dkt. No. 105). Plaintiff's Opposition to the Defendants' Motion fails to adequately address the deficiencies of the governing pleadings. Instead, the Plaintiff: (a) states that City Defendants are purposefully deceitful in their Motion to Dismiss (b) and that the Motion to Dismiss should be denied because City Defendants are "dishonest" and committing "perjury". (Pla. Opp. pg.1) First, there are no ground to make these claims, as discussed below. Further, Plaintiff does nothing to address City Defendant's arguments in his Opposition and instead his claims only further bolster Defendants Motion to Dismiss. Thus, the Defendants' Motion to Dismiss should be granted and all of the Plaintiff's claims against the Defendants must be dismissed with prejudice.

## ARGUMENT

### CITY DEFENDANTS ACCURATELY RELAYED THE FACTS OF THE CASE IN THEIR MOTION TO DISMISS

Plaintiff states throughout his Opposition that the City Defendants are "dishonest," committing "perjury", are deceitful and making "false" claims regarding Plaintiff's altercation with the Doe Defendants.[2] Pla. Opp. ¶ 1, 5, 8, 26, 29, and 39. Much of Plaintiff's claims relate to the video evidence referenced by both parties.. First, plaintiff alleges that the City Defendants have "submitted select, edited portions" of the video in order to bolster their

---

[1] In this Reply brief, the Defendants' March 26, 2024 Memorandum of Law in Support of their Motion to Dismiss is referred to as the "Defendants' Motion."

[2] At this time, the Doe Defendants have not been identified and are not represented by the Corporation Counsel.

Motion. *Id.* ¶ 4. This is untrue – the entire video provided by plaintiff was provided to the Court. *See* Declaration of Mary Jane Anderson, dated March 26, 2024, attaching as Exhibit A the video footage provided by Plaintiff, ECF No. 86. Further, the allegation that the video was edited by defendants is absurd and without support.[3]

However, Plaintiff's allegations that City Defendants were dishonest are a distortion of what is depicted in the video.

- Paragraphs 4, 6, 9, and 27 claim that Plaintiff was not the aggressor and instead that any actions he undertook were in "self-defense." Plaintiff's own video shows that Plaintiff escalates the interaction by cursing at Jane Doe and calling her names. Pla. Opp. ¶ 4, 6, 9, and 17. It is not until over 3 minutes into the video that Jane Doe responds in a similar manner to Plaintiff. Plaintiff's name calling arises out of nothing more than the Doe Defendants standing near him making him feel "intimidated." *Id.* ¶ 25 and 27. It is Plaintiff who begins the verbal altercation that ultimately becomes physical resulting in NYPD's involvement. *See* Dkt. No. 86., Anderson Decl. Ex. A at 3:29-06:30

- Paragraph 13 claims that "defendants admit the Doe Defendants made a false report to 911, alleging a violation of privacy." However this is a fundamental misreading of the City Defendants' Motion. The City Defendants make clear that it is "according to Plaintiff," that John Doe 3, John Doe 2, and Jane Doe 4 expressed a right to privacy and called 911. Further, the City Defendants cite to Plaintiff's own Complaint regarding his allegations of what occurred once 911 was called and NYPD arrived. Def. Mot. To Dismiss pg. 2. It is in Plaintiff's version of events, *not* the City Defendants', where the Doe Defendants express a right

[3] Indeed, any edits to the video would have been made by plaintiff before he provided it to defendants.

to privacy, call 911, and NYPD Sergeant O'Leary responds and separates the parties. *See generally* Compl.

- Paragraph 15 claims that Sergeant O'Leary stated that Plaintiff "was allowed to record." Sergeant O'Leary is not a Defendant in this matter and there is no record of Sergeant O'Leary's alleged statements in Plaintiff's video. *See generally* Compl; *see also* Dkt. No. 86., Anderson Decl., Ex. A.

- Paragraphs 17, 26, and 28 claim that Lieutenant Ebrahim "did not view footage sufficient to make a determination" about what transpired Pla. Opp. ¶ 17, 26, and 28. In the video, Lt. Ebrahim states that because a fight occurred and there is no physical evidence on either party, both Plaintiff and John Doe 3 will need to go explain what occurred to a judge at the criminal court. *See generally* Dkt. No. 86., Anderson Decl., Ex. A. at 23:30-24:00 and 34:12-34:30. Plaintiff's attempts to construe the City Defendants' actions in his favor fall short of the truth shown on video.

- Paragraph 34 states that the Motion to Dismiss "falsely asserts that the plaintiff was arrested for disorderly conduct." Pla. Opp. ¶ 34. Plaintiff misunderstands the difference between a technical arrest according to the NYPD and legal concept of arrest – that is, that plaintiff may not have been free to leave while police were writing a summons. *See generally* Compl.

It is Plaintiff, not the City Defendants, who is "cherry-picking" portions of the video in an attempt to mislead the Court. Pla. Opp. ¶ 7. However, ultimately the Court has been provided with the video, which speaks for itself..

**PLAINTIFF UNLAWFUL DETENTION CLAIM SHOULD BE DISMISSED BECAUSE PLAINTIFF ADMITS THAT IT IS PREDICATED ON ACTIONS BY THE DOE**

**DEFENDANTS AND NOT THE CITY DEFENDANTS**

Plaintiff dedicates only a few sentences in his response to the City Defendant's arguments that his unlawful detention claim should be dismissed. In those sentences, Plaintiff makes clear that "the unlawful detention claim was based upon John Doe 2's illegal seizure of Goodman. . .When he forcefully grabbed Goodman by the neck and pressed him against 241 West 17th street shouting 'back up, back up' Goodman was held against his will, and for a period of time, unable to leave." Pla. Opp. ¶ 22. At no point does Plaintiff allege that the City Defendants were personally involved in his unlawful detention. Instead, Plaintiff bases his unlawful detention claim on the "presumption" that John Doe 2 "may" have been employed by the NYPD. *Id.* at ¶ 23. As discussed in Defendant's Motion and Point IV *infra*, these "presumptions" are insufficient to form that basis of a prima facie case for unlawful detention, especially when, by Plaintiff's own admission, the City Defendants were not involved and the claim is not based on their actions. Def. Mot. To Dismiss, pg. 6-10. In light of the above, Plaintiff's unlawful detention claim should be dismissed.

Assuming that Plaintiff did bring an unlawful detention claim against Defendants, any "detention" of the Plaintiff was justified, as there was probable cause to issue him the summons for disorderly conduct. Chepilko v. Bushuyev, 2016 U.S. Dist. LEXIS 150530, at *9 (S.D.N.Y. Oct. 28, 2016) (holding that "[w]here a § 1983 plaintiff pleads false arrest, the lack of probable cause must be pleaded in the complaint."). Plaintiff states no facts to address the issue of probable cause beyond stating that he acted in "self-defense," and even admits to the verbal altercation. Pla. Opp. ¶ 25 and 27. All of the disorderly conduct factors listed in Defendants' Motion weigh in favor of issuing a summons as Plaintiff's inappropriate

actions carried public ramifications. Def. Mot. To Dismiss, pg. 9. Accordingly, Plaintiff fails to state a claim for unlawful detention.

**WHERE PLAINTIFF FAILS TO ADEQUATELY ADDRESS ARGUMENTS THE CLAIMS SHOULD BE DISMISSED**

Throughout Plaintiff's Response, he fails to adequately address much of City Defendant's Motion to Dismiss. "A Court may, and generally will, deem a claim abandoned when a plaintiff fails to respond to a defendant's arguments that the claim should be dismissed." Thomas v. City of New York, No. 03-CV-1797 (CPS), 2007 U.S. Dist. LEXIS 53891 at *28 n.17 (S.D.N.Y. Jul. 24, 2007) (quoting Lipton v. Cnty. of Orange, N.Y., 315 F. Supp. 2d 434, 446 (S.D.N.Y. 2004)). ; see also Gesualdi v. LR Safety Consultants & Constr. Servs., LLC, No. CV 19-2404 (DRH) (AYS), 2020 U.S. Dist. LEXIS 207494, at **20-21 (E.D.N.Y. Nov. 3, 2020), report and recommendation adopted, 2020 U.S. Dist. LEXIS 217202, (E.D.N.Y. Nov. 19, 2020) ("It is well-settled that the failure to oppose an argument raised in a motion to dismiss is deemed a concession of the argument and abandonment of the claims."). The test of abandonment is whether the party "respond[ed] to a defendant's arguments that the claim should be dismissed." Lipton v. Cnty. of Orange, N.Y., 315 F. Supp. 2d at 446. Fleeting references to constitutional violations are insufficient to survive dismissal, especially when a plaintiff has not adequately responded to a defendant's arguments. Goldring v. Davidson, 18-CV-06201 (ALC), 2020 U.S. Dist. LEXIS 57703, at *7 (S.D.N.Y. Apr. 1, 2020) ("In light of the fleeting reference to the Fourth Amendment in Plaintiff's Complaint and Plaintiff's failure to respond to Defendants, the Court deems Plaintiff's Fourth Amendment claim abandoned and dismissed this claim.") citing Jackson v. Fed. Exp., 766 F.3d 189, 196 (2d Cir. 2014). Throughout his Response, Plaintiff only attempts to clarify what actions each of his claims refer to without addressing the merits of defendants' argument or address the sufficiency of his Complaint.

*Due Process*

Plaintiff dedicates the following sentence to his due process claim: "The denial of due process referred to the initial refusal to arrest Goodman's assailants, the issuance of a summons without reviewing evidence, and then by defendants Castro and Garcia threatening Goodman with arrest rather than taking a police report." Pla. Opp. ¶ 30. Plaintiff does not address any of Defendants' arguments regarding the sufficiency of his due process claim nor does he refer to any allegations in his Complaint where he alleges the City Defendants' personal involvement in violating due process with specificity. In any event, a government official's failure to investigate a reported crime does not amount to a constitutional deprivation. See, e.g., Bernstein v. New York, 591 F. Supp. 2d 448, 460 (S.D.N.Y. 2008) ("[T]here is no constitutional violation where the government refuses to investigate a crime[.]"). This includes a police officer's failure to respond to a civilian report or to conduct an investigation. See Harrington v. County of Suffolk, 607 F.3d 31, 34-5 (2d Cir. 2010) (concluding that there is no entitlement to a police investigation). Accordingly, Plaintiff has failed to adequately respond to Defendants' arguments and Plaintiff's due process claim should be dismissed.

*First Amendment Retaliation*

Plaintiff seeks to counter Defendants' Motion regarding his First Amendment retaliation claim by again stating what actions the claim refers to but fails to respond to any of the City Defendants' arguments regarding the sufficiency of his allegations. Pla. Opp. ¶ 32-3. Simply because Plaintiff wanted the Doe Defendants arrested, a police report taken in a certain manner, and was issued a summons, does not mean that he was subject to First Amendment retaliation and Plaintiff fails to point to any retaliatory act not supported by probable cause. Curley v. Village of Suffern, 268 F.3d 65, 73 (2d Cir. 2001) (dismissing Plaintiff's first amendment retaliation claim holding "because defendants had probable cause to arrest plaintiff,

an inquiry into the underlying motive for the arrest need not be undertaken." (internal quotations omitted)). Plaintiff stating his beliefs as facts do not make them sufficient to survive dismissal, especially when Plaintiff failed to adequately address the City Defendants' Motion to Dismiss. As such, his First Amendment retaliation claim fails and should be dismissed.

*Intentional Infliction of Emotional Distress*

Yet again, Plaintiff dedicates a fleeting reference to his claim of intentional infliction of emotional distress by simply stating conclusory "the conduct of each of the defendant officers. . . rises to that level." Pla. Opp. ¶ 37. However, Plaintiff does not explain how police officers writing him a summons, and not taking a police report per his allegations is extreme and outrageous conduct. *Id.* at ¶ 16. Further, Plaintiff also does not deny that any conduct Plaintiff could be referring to would be covered by another tort. *See* Def. Mot. To Dismiss, pg. 14-6. Accordingly, Plaintiff's intentional infliction of emotional distress claim should be dismissed.

*Excessive Force and Municipal Liability*

Plaintiff does not respond or refer to City Defendant's argument of dismissal of Plaintiff's municipal liability claim or claim for excessive force. *See generally* Pla. Opp. As such, the claim has been abandoned and should be dismissed.

It is clear in Plaintiff's Response that he is simply stating what his claims refer to as facts as a counter to Defendant's Motion. Unfortunately for Plaintiff, this is simply insufficient to adequately respond to the City Defendant's Motion to Dismiss. Accordingly, Plaintiff's claims of due process violations, excessive force, first amendment retaliation, intentional infliction of emotional distress, and any municipal liability claim should be dismissed.

**PLAINTIFF'S CONSPIRACY CLAIM SHOULD BE DISMISSED BECAUSE IT IS**

**BASED ON NOTHING MORE THAN PLAINTIFF'S "PRESUMPTIONS"**

Plaintiff's conspiracy claim is based solely on his personal beliefs rather than any specific facts that he has provided. As stated in Defendant's Motion, Plaintiff does not allege any specific *facts* to plausibly explain how defendant police officers acted pursuant to an agreement to violate constitutional rights. Def. Mot. To Dismiss, pg. 13-4. Although Plaintiff notes that he has various "suspicions" and "presumptions," he alleges no facts. Pla. Opp. ¶ 22-3; *see generally* Compl. Instead, he attempts to convince the Court to accept the belief that the yet-unidentified Doe Defendants are conspiring with the City Defendants. In fact, Plaintiff is so unsure of the connection between the Doe Defendants and City Defendants that he is requesting that this Court allow his claims to survive, not because he sufficiently pleaded facts, but because survival of his claims will allow him to "move to discovery where the Doe employers can be learned." Pla. Opp. ¶ 22, 33, and 35. Plaintiff's Complaint simply serves as Plaintiff's fact-finding mission for his beliefs. When a plaintiff fails to allege specific facts that defendants acted pursuant to an agreement to violate a plaintiff's rights, a § 1983 conspiracy claim must be dismissed. McDaniel v. City of New York, 585 F. Supp. 3d 503, 521 (S.D.N.Y. Feb. 15, 2022). Here, Plaintiff failed to address the deficiencies in his Complaint during his Response and simply restated his suspicious. However, as stated in Defendants' Motion, suspicions do not amount to actual constitutional right violations. Def. Mot. To Dismiss, pg. 13-4.

Even if the facts of the pleading were accepted as true, and the Doe Defendants that Plaintiff is attempting to sue worked for the NYPD, any conspiracy claim against them would be barred by the "'intra- corporate conspiracy' doctrine [which explains that] the officers, employees, and agents of the same corporate entity acting within their scope of employment, along with the corporate entity itself, are considered a single entity and are legally incapable of

conspiring with each other." Biswas v. City of N.Y., 973 F. Supp. 2d 504, 534 (S.D.N.Y. 2013) (citations omitted); see also Zilioli v. City of N.Y., 17 Civ. 9495 (WHP), 2020 U.S. Dist. LEXIS 57704, at *12 (S.D.N.Y. Apr.1, 2020) ("[D]istrict courts have routinely applied the logic of the intra-corporate conspiracy to §1983 claims."); *see also* Def. Mot. To Dismiss, pg. 13-4. For the reasons above, Plaintiff's conspiracy claims should be dismissed.

**PLAINTIFF'S MALICIOUS PROSECUTION FAILS AS THERE WAS PROBABLE CAUSE TO ISSUE A SUMMONS AND PLAINTIFF WAS NOT SEIZED**

As laid out more fully in Defendants' Motion To Dismiss, in order, to establish a claim of malicious prosecution, a plaintiff must prove: "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding.; and (4) actual malice as a motivation for defendant's actions." Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997); *see also* Def. Mot. To Dismiss, pg. 18-9. In addition, a malicious prosecution claim brought under § 1983 requires showing "a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Rohman v. New York City Transit Authority, 215 F.3d 208, 215 (2d Cir. 2000). Importantly, "the issuance of a pre-arraignment, non-felony summons requiring a later court appearance, without further restrictions, does not constitute a Fourth Amendment seizure." Hawthorne v. Cty. of the Putnam, 492 F. Supp. 3d 281, 299-300 (quoting Burg v. Gosselin, 591 F.3d 95, 98 (2d Cir. 2010)).

Plaintiff's argument relies much on his belief that there was no probable cause for the summons. *See generally* Pla. Opp; *see also* Compl. However, this is based on nothing more than Plaintiff's claims that the Doe Defendants were the aggressors. Pla. Opp. ¶ 9, 24, and 27. At no point does Plaintiff deny that he was in a verbal and physical altercation with the Doe

Defendants. He only states his actions were in "self-defense." *Id.* at ¶ 9 and 25. The City Defendants were not present at the time of the altercation escalating and as such, Plaintiff was issued a summons due to their on-scene investigation that determined John Doe and Plaintiff were in a physical altercation which Plaintiff confirms. Def. Mot. To Dismiss, pg. 7, 9-10, 13, and 18. As stated in Point II *supra*, Plaintiff's inappropriate actions carried public ramifications and as such, probable cause was present and a summons was issued.

Finally, according to Plaintiff, at no point was he seized by the City Defendants. By Plaintiff's own admission, any detention he suffered was at the hands of the Doe Defendants *not* the City DefendantsPlaintiff does not alleged that he suffered a sufficient deprivation of liberty to constitute a Fourth Amendment Seizure. Pla. Opp. ¶ 22-3. As such, Plaintiff did not suffer a sufficient post-arraignment liberty restraint as required for a malicious prosecution claim brought under § 1983. Rohman, 215 F.3d at 215; *see also* Def. Mot. to Dismiss, pg. 18-9. Plaintiff's malicious prosecution claim fails.

**PLAINTIFF'S CLAIMS FAIL BECAUSE EVEN HE IS UNSURE OF THE CLAIMS HE IS BRINGING**

A common thread weaved throughout Plaintiff's Response is that even Plaintiff is unsure of the claims he brings and the allegations those claims stand on. Throughout his Response, Plaintiff states, in summary, that "even if" he is wrong, his lawsuit should move forward. Pla. Opp. ¶ 21 ("Even if the Court determines that Goodman has improperly selected statues or improperly plead claims in the context of those statues, the fundamental facts remain. . . "), ¶ 24 ("Even if Goodman is incorrect and the Doe defendants are not NYPD employees, agents, contractors, special patrolmen or otherwise affiliates, sufficient facts have been pled in the complaint to survive. . . "), ¶ 33 ("Even if the Court determines that refusal to take a police report does not qualify as a first amendment violation, the totality of evidence presented proves

the egregious conduct of the Doe defendants and the NYPD officers who became complicit in their response."), and ¶ 41 ("Even if the Court finds any of the defenses raised in the motion to dismiss to be valid, it is Goodman who has provided prima facie evidence. . ."). However, a complaint cannot move forward simply because Plaintiff wishes it so. Beliefs alone do not a claim make. It is obvious that Plaintiff seeks recompense for his belief that he has been wronged in some way and hopes the Court will aid him in his fact-finding mission. However, as made clear in Defendants' Motion, hurt feelings or a bruised ego are not by themselves the stuff of constitutional tort. Zherka v. Amicone, 634 F.3d 642, 645-646 (citing Sadallah v. City of Utica, 383 F.3d 34, 38 (2d Cir. 2004)); *see also generally* Def. Mot. to Dismiss. For all of the reasons stated above and in Defendant's Motion, Plaintiff has failed to make any survivable claims arising from the incident on October 31, 2022. As such, Plaintiff's claims should be dismissed.

## CONCLUSION

For the foregoing reasons, the City Defendants respectfully request that the Court grant their motion to dismiss the Complaint, with prejudice, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
May 9, 2024

**HON. SYLVIA O. HINDS-RADIX**
Corporation Counsel of the City of New York
*Attorney for defendants City of New York, Caruso, Garcia, Ebrahim, and Castro*
100 Church Street
New York, New York 10007
(212) 356-2415

By: /s/ Elissa Jacobs________
Elissa Jacobs
*Senior Counsel*
Special Federal Litigation Division

Cc: VIA FIRST CLASS MAIL & EMAIL
Jason Goodman

VIA ECF
Counsel of Record