Magistrate Judge Hon. Gabriel W. Gorenstein
U.S. District Court for the Southern District of New York
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
Via pro se electronic filing

Re: Case No.: 23-cv-09648-JGLC-GWC Goodman v the City of New York et al

May 17, 2024

Dear Judge Gorenstein,

      I write to correct a clear error in the memo endorsement (Dkt. 110) and in regard to your order (Dkt. 111). Substantial confusion and unnecessary delay were introduced when counsel for defendants Mary Jane Anderson filed a motion to dismiss on March 26, 2024, and included an optical data disk containing evidence. Despite mailing an identical copy of her motion to me via USPS, Ms. Anderson failed to provide a copy of the optical disk she supplied to the Court or any other reference to that disk. On May 10, 2024, the court issued an order, (Dkt. 108) which incorrectly referred to the optical disk provided by Anderson as a "CD-ROM" several times. The filing itself says only, "City Defendants' Exhibit A Video Footage of the November 1, 2022 Incident" and makes no reference at all to any digital media corresponding to the exhibit.

      At the time, this entry confused me. Ms. Anderson has repeatedly refused requests for telephone conferences intended to clarify misunderstandings. Because of these factors, I was unable to discern how a piece of paper could represent the video footage. I have searched the local rules and Your Honor's individual rules but was unable to find instructions for submitting digital evidence and was unaware evidence could be submitted in the way Anderson has chosen.

      In the memo endorsement issued on May 15, 2024, (Dkt. 110), Your Honor described, "a video file that was 1.657 GB. The length is 39:12." Based on this description, that does match

the video ("November 1 Video") that I sent to Anderson on February 27, 2024. In clear error however, the Court continues to refer to Anderson's evidence as a "CD-ROM" which it is not.

It remains an immutable fact that a CD-ROM has storage capacity of 680MB, sometimes cited as 700MB depending on the method used to calculate bits, bytes, and megabytes. An optical disk containing the 1.657 GB November 1 Video, is not and cannot be a CD-ROM. It can only be a DVD-ROM or a BD-ROM, each with minimum storage capacities exceeding 4GB. To the extent that Ms. Anderson's cited evidence is likely to be referred to in future pleadings and throughout this matter, it should be accurately described to avoid additional confusion.

Even if the Court ignores this empirical fact and continues to insist the evidence is a CD-ROM, the allegation that defendants' motion to dismiss is a disingenuous attempt to edit the evidence stands. Defendants seek to narrow the Court's review of evidence already on the record in order to change the perception of actual events that gave rise to this legal matter.

Because I was totally unable to find anything in the SDNY local rules or Your Honor's Individual Rules regarding submission of digital evidence during the pleading phase, I understood that citing the evidence and including active URL links to the videos constituted submission of evidence. The November 1 Video is referenced throughout the complaint and for the same reasons cited by defendants was intended to be considered in its entirety by the Court. Prior to this misunderstanding, I understood this would not take place until the discovery phase.

Defendants, and subsequently the Court, have overlooked a video recorded on October 31, 2022, (the "October 31 Video") that is also cited and linked in the complaint. This video has been available to the Court and Ms. Anderson since October 31, 2023, (*See* Dkt. 1 page 10 paragraph 2 https://odysee.com/@Crowdsourcethetruth:d/ghosttowntwitterheadsroll:8). For the same reasons defendants rely upon the November 1 Video as they have, the Court should also

consider the already in evidence October 31 Video. I additionally request to reenter all video evidence via the upload procedure described in the Order, (Dkt. 111) should it please the Court.

The October 31 Video shows the Doe Defendants initiating the first confrontation, issuing threats including violence, and calling the police. This video also includes Sgt. O'Leary's response which Defendants grossly misrepresented. This video was a component of the original complaint and there is no excuse for the oversight of Sgt. O'Leary's true statements.

Even if the Court rejects the evidence contained in the October 31 Video despite its direct inclusion in the complaint, my allegations related to defendants' bad faith efforts to edit the evidence remain valid. Defendants' have attempted to present text excerpts from a very small portion of the incident which misrepresent the totality of events that gave rise to this legal action. This is a fundamentally dishonest effort to narrow the Court's review of evidence already on the record and misrepresent the events that lead to a verbal altercation provoked by Doe Defendants, which I entered only in self-defense and out of an imminent fear of grave bodily harm or death.

Even if the Court disagrees that the Defendants have dishonestly endeavored to edit the evidence, their motion still fails because statements made by NYPD Defendant George Ebrahim on November 1 and recorded in the video, prove that no NYPD officer watched the relevant video, no officer heard my statements and NYPD did not have probable cause for the facially defective summons improperly issued by NYPD defendant Jennifer Caruso and immediately dismissed in my favor in court. For these reasons, the motion to dismiss must be denied and the defendants should receive a criminal referral for intentionally malicious commission of perjury.

    Respectfully submitted,

    Jason Goodman

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK          23-cv-09648-JGLC-GWC
------------------------------------------------------------------X

             JASON GOODMAN,

                      Plaintiff,          **CERTIFICATE OF**
        -against-                             **SERVICE**

THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY MAYOR ERIC ADAMS, NEW YORK CITY POLICE DEPARTMENT LIEUTENANT GEORGE EBRAHIM, NEW YORK CITY POLICE DEPARTMENT OFFICER CHANDLER CASTRO, NEW YORK CITY POLICE DEPARTMENT OFFICER JENNIFER CARUSO, NEW YORK CITY POLICE DEPARTMENT OFFICER KELVIN GARCIA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JANE DOE, (fictitious names intended to be officers, representatives, agents, servants of the New York City Police Department, individually and in their official capacities, ELON MUSK, X CORP, ADAM SHARP.

                     Defendants.
------------------------------------------------------------------X

    It is hereby certified that pro se plaintiff, Jason Goodman, served counsel for Defendants

The City of New York, X Corp and Adam Sharp with a copy of the letter to Judge Gorenstein via email to the addresses below:

maanders@law.nyc.gov
ktrujillo-jamison@willenken.com
pshimamoto@willenken.com
jtmills@grsm.com
BMiddlebrook@grsm.com

                                   Dated: New York, New York May 17, 2024

                                     Respectfully submitted,

                                     Jason Goodman
                                     Pro Se Plaintiff
                        truth@crowdsourcethetruth.org
                            252 7th Avenue Apt 6s
                              New York, NY 10001
                                 347-380-6998