IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK           23-cv-09648-JGLC-GWG
-------------------------------------------------------------------X
JASON GOODMAN,

                Plaintiff,                    **AFFIDAVIT OF**
    -against-                                                **JASON GOODMAN**

THE CITY OF NEW YORK and NEW YORK CITY
POLICE DEPARTMENT, NEW YORK CITY POLICE
DEPARTMENT LIEUTENANT GEORGE EBRAHIM,
NEW YORK CITY POLICE DEPARTMENT OFFICER
CHANDLER CASTRO, NEW YORK CITY POLICE
DEPARTMENT OFFICER JENNIFER CARUSO, NEW
YORK CITY POLICE DEPARTMENT OFFICER
KELVIN GARCIA, JOHN DOE 1, JOHN DOE 2, JOHN
DOE 3, JOHN DOE 4, JANE DOE, ELON MUSK, X
CORP, ADAM SHARP.
                Defendants.
-------------------------------------------------------------------X

I, Jason Goodman hereby affirm as follows:

1. I am over eighteen (18) years of age. I have never been convicted of a felony or any crime involving moral turpitude and I am competent to testify to all statements made herein.

2. I have personal knowledge of each and every statement made in this Affidavit and every such statement is true and correct, and sworn to under penalty of perjury.

3. I make and submit this Affidavit as a supplement in support of my response to the Order to Show cause (Dkt 114).

4. The Court is aware of persistent efforts by nonparty David George Sweigert ("Sweigert") to inject himself into or otherwise disrupt the normal proceedings of this case.

5. I have never met Sweigert. I have no professional or personal relationship with him. We have only interacted in the context of the litany of abusive, vexatious lawsuits he has filed against me or encouraged others to file against me, and his other bizarre forms of persistent criminal harassment.

6. For reasons only he could explain, in 2017 Sweigert announced via social media, his intentions to sue me for the rest of my life. Even without evidence of that original statement, the Court has already seen multiple demonstrations of this insane behavior.

7. A quick review of Pacer.gov reveals something on the order of two dozen lawsuits, failed interventions, scuttled appeals, meritless applications for amicus status and this does not even speak to the telephone, cyber, U.S. postal and other stalking and harassment Sweigert subjects me to daily, recently including my innocent, ailing octogenarian parents.

8. Sweigert has also interacted with and encouraged multiple individuals to approach, accost and even assault me on the streets of New York including outside my home.

9. The only cognizable explanation for this is that Sweigert is mentally ill. He appears to be a psychopathically motivated, obsessed stalker who poses a threat to my safety.

10. I allege Sweigert is attempting to interfere in this case because his efforts to stalk and harass me included either directly or indirectly motivating the Doe defendants' attack.

11. Sweigert's now stricken amicus curiae application made unsupported allegations about the identities of the Doe defendants and their purpose for being outside 249 West 17th Street on November 1, 2022. It is unclear how he could know these facts or why he would care.

12. I paid a professional firm to do a license plate search of the Hyundai the Does were seated in on October 31, 2022, however only the title transfer, VIN number and maintenance history were available. No owner names apart from a Paramus NJ Hyundai dealership were provided in the records available to the public outside of law enforcement.

13. Given the fact that detailed records of the vehicle owner are not available to the public, if Sweigert's assessment of the vehicle owner proves correct, it would suggest he had obtained such information from law enforcement rather than a commercial license plate search

and that circumstance would attach a whole new level of suspicion to the potential relationship between Sweigert, the Doe defendants, the NYPD, the FBI and X Corp.

14. Even if such data were publicly available, the notion that a nonparty would be so interested in this case that he would pay to do that research and alert the Court that these allegedly unrelated Doe parties are innocent of my accusations defies logic. This behavior makes so little sense, it must be questioned by any reasonable Court that intends to uphold justice.

15. The Court has also previously heard that on or around October 21, 2022, Sweigert sent an email to legal@twitter.com and others. This message would have been received by Jim Baker ("Baker") former FBI General Counsel who was at that time employed as Deputy General Counsel at X Corp while it was still known as Twitter.

16. Sweigert's email alerted Baker to my ongoing efforts to inform defendant Elon Musk of information that caused me to believe the FBI had infiltrated Twitter/X Corp and was exerting inappropriate or even illegal control without the knowledge of customers or users.

17. My allegations were largely substantiated weeks later when Musk fired Baker citing his refusal to follow X Corp orders as they related to the release of previously concealed information about a New York Post story pertaining to a laptop owned by Hunter Biden.

18. On October 31, 2022, after my first encounter with the Doe defendants, Sweigert had another opportunity to alert X Corp and I allege that this is precisely what he did.

19. My assertion that the Does acted under color of law stems from the theory that any X Corp employee acting on instructions from Baker was in fact acting on behalf of the FBI.

20. This logic extends to the responding NYPD officers as well because they behaved in contradiction to law and because NYPD has entered into an MOU or other agreement with the FBI on or after 1980 when they formed the NYPD FBI Joint Terrorism Task Force, ("JTTF").

21. It has been widely reported that entry into the JTTF requires police departments to submit to the authority of the FBI. This has led to public disputes between local and federal law enforcement in which the FBI has been persistently accused of acting unconstitutionally. https://theintercept.com/2019/11/01/fbi-joint-terrorism-san-francisco-civil-rights/

22. Video evidence uploaded to the Court's server depicting my first interaction with the Doe defendants on October 31, 2022, shows them interacting and communicating freely with employees of Musk and X Corp within and just outside their offices and on the street nearby.

23. Video evidence from the November 1, 2022 assault depicts John Doe 1 delegating security duties to John Doe 2 on camera including a verbal exchange confirming that.

24. NYPD Defendant Jennifer Caruso admitted in her signed, sworn, wrongfully issued summons, that the Does were "known to the department."

25. Adam Sharp is a former Twitter executive and has a fifteen year long professional relationship with former FBI General Counsel, U.S. District Court Judge Valerie Caproni.

26. I have provided evidence that Sharp conspired with the FBI including General Counsel Caproni in or around 2010 to violate X Corp users' first and fourth amendment rights.

27. I have also provided evidence that Sharp conspired with Sweigert to concoct a scheme that allowed the National Academy of Television Arts and Sciences to deny my rights to a fair trial and entrap me in a complex vexatious suit that was presided over by Judge Caproni.

28. The Second Circuit has yet to rule on the appeal I filed in the case of National Academy of Television Arts and Sciences v Multimedia System Design, Inc. D/B/A Crowdsource the Truth. (*See* case 23-7952)

29. Based on the totality of evidence, the Court should compel the defendants to reveal the Doe defendants' identities so they may be served and appear in Court.

30.     If the Court disagrees with this, alternately NYPD, X Corp, and the other defendants should be compelled to fully disclose the nature of their relationships with the Doe defendants and explain what they know about their presence and purpose on West 17th Street on November 1, 2022.

31.     If the Court disagrees with that, in the alternate, I would respectfully request leave to file an amended complaint including causes of action more suitable to addressing the assault against me by the Does.

Dated: New York, New York July 16, 2024

Jason Goodman<br>
Pro Se Plaintiff<br>
truth@crowdsourcethetruth.org<br>
252 7th Avenue Apt 6s<br>
New York, NY 10001<br>
347-380-6998