Index No. 23-CV-09648 (JGLC) (GWG)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

                Plaintiffs,

-against-

THE CITY OF NEW YORK, ET AL.,

                Defendants.

**DEFENDANTS' MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S OBJECTIONS TO THE REPORT AND RECOMMENDATION**

*MURIEL GOODE-TRUFANT*
*Acting Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: Mamoon Saleemi*
*Tel: (212) 356-2384*
*Matter #: 2023-107086*

## **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES .................................................................................................. ii

PRELIMINARY STATEMENT .............................................................................................. 1

STANDARD OF REVIEW ...................................................................................................... 2

ARGUMENT

      POINT I

           NEITHER THE VIDEO EVIDENCE NOR THE SUBSEQUENT DISMISSAL OF PLAINTIFF'S SUMMONS NEGATE PROBABLE CAUSE ......................................... 3

           A. Probable Cause Existed to Issue Plaintiff a Citation for Disorderly Conduct. ............................................................. 3

           B. The NYPD Defendants Review of the Video Evidence Did Not Negate Probable Cause. ........................................ 4

           C. The Subsequent Dismissal of Plaintiff's Summons Does Not Negate Probable Cause. ...................................... 5

      POINT II

           THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE ........................................................... 6

      POINT III

           PLAINTIFF'S OBJECTION TO THE FINDING OF NO FIRST AMENDMENT RETALIATION DOES NOT PRESENT CLEAR ERROR ............................................................ 7

CONCLUSION ........................................................................................................................ 11

# **TABLE OF AUTHORITIES**

**Cases** **Pages**

Aberra v. City of N.Y.,
   No. 21-1992, 2023 U.S. App. LEXIS 1074 (2d Cir. Jan. 18, 2023)..........................................3

Bennett v. Vidal,
   267 F. Supp. 3d 487 (S.D.N.Y. 2017)........................................................................................5

Betts v. Shearman,
   751 F.3d 78 (2d Cir. 2014)..........................................................................................................5

Bledsoe v. New York City Transit Auth.,
   2024 WL 989845 (E.D.N.Y. Mar. 7, 2024).................................................................................7

Buari v. City of N.Y.,
   530 F. Supp. 3d 356 (S.D.N.Y. 2021)......................................................................................10

Burke v. Verizon Communs., Inc.,
   2019 U.S. Dist. LEXIS 241631 (S.D.N.Y. Mar. 29, 2019) .......................................................9

Burton v. N.Y. Police Dep't,
   No. 11-CV-4071 (SLT)(LB), 2011 U.S. Dist. LEXIS 105803
   (E.D.N.Y. Sep. 1, 2011)..........................................................................................................9, 10

Camarano v. City of N.Y.,
   646 F. Supp. 246 (S.D.N.Y. 1986) ............................................................................................5

Cruz v. Heo,
   2023 U.S. Dist. LEXIS 239459, 2023 WL 11841486 (D. Conn. Nov. 6, 2023) .......................9

Cuoco v. Moritsugu,
   222 F.3d 99 (2d Cir. 2000).........................................................................................................6

DeShaney v. Winnebago Cnty Dep't of Soc. Servs.,
   489 U.S. 189, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989)...........................................................8

Edris v. City of N.Y.,
   2023 U.S. Dist. LEXIS 104538 (S.D.N.Y. June 15, 2023).......................................................10

Eisenberg v. New England Motor Freight, Inc.,
   564 F. Supp. 2d 224 (S.D.N.Y. 2008)........................................................................................2

Gong v. Sarnoff,
   No. 23-cv-00343 (LJL), 2024 U.S. Dist. LEXIS 137633
   (S.D.N.Y. Aug. 1, 2024) ................................................................................................8, 9, 10

**Cases**                                                                                                                                  **Pages**

Greene v. WCI Holdings Corp.,
    956 F. Supp. 509 (S.D.N.Y 1997) ...................................................................................2

Jocks v. Tavernier,
    316 F.3d 128 (2d Cir. 2003)..............................................................................................4

Kaid v. Tatum,
    No. 1:20-cv-03643 (JLR), 2024 U.S. Dist. LEXIS 26854
    (S.D.N.Y. Feb. 15, 2024) ...................................................................................................6

Katz v. Donna Karan Co.,
    872 F.3d 114 (2d Cir. 2017) ..............................................................................................6

Kirk v. Burge,
    646 F. Supp. 2d 534 (S.D.N.Y. 2009)................................................................................2

Krause v. Bennet,
    887 F.2d 362 (2d Cir. 1989)..............................................................................................4

Lynch v. Hanley,
    No. 21-CV-25 (GTS) (ML), 2021 U.S. Dist. LEXIS 106046,
    2021 WL 2309688 (N.D.N.Y. June 7, 2021)....................................................................6

Mancuso v. Kijakazi,
    No. 22-CV-5633 (KMK), 2023 U.S. Dist. LEXIS 174171
    (S.D.N.Y. Sep. 28, 2023) ...................................................................................................2

McCaffrey v. City of New York,
    No. 11-CV-1636 (RJS), 2013 U.S. Dist. LEXIS 18815,
    2013 WL 494025 (S.D.N.Y. Feb. 7, 2013).....................................................................10

McCarthy v. Manson,
    554 F.Supp. 1275 (D.Conn. 1982), aff'd, 714 F.2d 234 (2d Cir. 1983) ...................................2

Mortimer v. Grodsky,
    2022 U.S. Dist. LEXIS 161689, 2022 WL 4096609
    (S.D.N.Y. Sept. 6, 2022)....................................................................................................8

Nadal v. City of Yonkers,
    No. 96-2412, 1996 U.S. App. LEXIS 32977, 1996 WL 721536
    (2d Cir. Dec. 16, 1996) .....................................................................................................5

Otrompke v. First Dep't Comm. on Character,
    No. 22-CV-4676 (LGS) (JLC), 2023 U.S. Dist. LEXIS 201097
    (S.D.N.Y. Nov. 8, 2023) ...................................................................................................6

**Cases**                                                              **Pages**

Owoyemi v. Credit Corp Sols.,
    596 F. Supp. 3d 514 (S.D.N.Y. 2022)..................................................................................6

Panetta v. Crowley,
    460 F.3d 388 (2d Cir. 2006).................................................................................................4

Phillips v. Corbin,
    132 F.3d 867 (2d Cir. 1998) (per curiam)...........................................................................5

Pierre v. Police Officer Alexandr Yurchenko,
    No. 22 CV 1171 (NRM)(LB), 2024 U.S. Dist. LEXIS 59864
    (E.D.N.Y. Feb. 20, 2024)...................................................................................................10

Schuh v. Druckman & Sinel, L.L.P.,
    2008 WL 542504 (S.D.N.Y. Feb. 29, 2008).......................................................................7

Shara v. Me.-Endwell Cent. Sch. Dist.,
    46 F.4th 77 (2d Cir. 2022) ..................................................................................................8

TechnoMarine SA v. Giftports, Inc.,
    758 F.3d 493 (2d Cir. 2014).................................................................................................7

Town of Castle Rock v. Gonzales,
    545 U.S. 748 (2005)............................................................................................................9

Troy v. City of New York,
    2014 U.S. Dist. LEXIS 136339, 2014 WL 4804479 (S.D.N.Y. Sept. 25, 2014)................8

United States v. Male Juvenile,
    121 F.3d 34 (2d Cir. 1997).................................................................................................2

**Statutes**

42 U.S.C. § 1983.......................................................................................................................1

Fed. R. Civ. P. 12(b)(6)............................................................................................................1

Fed. R. Civ. P. 72(b)(3)............................................................................................................2

New York Penal Law Sec 240.20(1) ...................................................................................3, 4

**PRELIMINARY STATEMENT**

Plaintiff brings this action, pursuant to 42 U.S.C. § 1983, alleging, *inter alia*, a claims including false arrest, excessive force, first amendment retaliation, due process and racial discrimination, and municipal liability arising from his being issued a citation for disorderly conduct on or about November 1, 2022, and for his attempt to file a police report on November 5, 2022.

On March 26, 2024, Defendants City, the New York City Police Department, Officers Caruso, Ebrahim, Castro, and Garcia (hereinafter "City Defendants") filed their motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (See ECF Nos. 85-88.) On May 2, 2022, Plaintiff filed his opposition. (See ECF No. 105.) On May 9, 2024, Defendant City filed a reply in support of its motion to dismiss. (See ECF No. 107.) On June 25, 2024, the Honorable Gabriel Gorenstein issued a Report and Recommendation (the "Report"), wherein it was recommended that Defendant's motion to dismiss be granted as Plaintiff failed to plead sufficient facts for his Section 1983 claims under Iqbal. (See Report at p. 22-43.) The Report also recommended that dismissal should be with prejudice and denied plaintiff's motion to amend. (See id. at p. 42-43.) On August 9, 2024, Plaintiff filed documents containing his purported objections to the Report. (See Plaintiff's Objections to the Report, ECF No. 125.) Plaintiff's objections do not warrant rejection of the Report because the Report's recommendation to grant Defendant's motion to dismiss was based on sound legal reasoning. In addition, Plaintiff's purported objections focus on irrelevant issues that have no bearing on the Court's determination. Defendants respectfully submit this memorandum of law in opposition to Plaintiff's purported objections to the Report and respectfully submit that for the reasons set forth herein, Plaintiff's objections should be rejected and Magistrate Judge Gorenstein's Report should be adopted.

## **STANDARD OF REVIEW**

Objections to a magistrate judge's report and recommendation should be specific and address only the portions of the proposed findings to which the party objects. Kirk v. Burge, 646 F. Supp. 2d 534, 538 (S.D.N.Y. 2009). A district judge must determine *de novo* any part of the magistrate judge's disposition to which an objection has been properly filed. Fed. R. Civ. P. 72(b)(3); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997). However, objections that are an attempt to "engage the district court in a rehashing of the same arguments set forth in the original petition," without more, trigger only a review of the magistrate judge's report for "clear error." See Greene v. WCI Holdings Corp., 956 F. Supp. 509, 513 (S.D.N.Y 1997). A party may not have a "second bite at the apple" when filing objections to a Report and Recommendation, as the "goal of the federal statute providing for the assignment of cases to magistrates is to 'increas[e] the overall efficiency of the federal judiciary.' " McCarthy v. Manson, 554 F.Supp. 1275, 1285–86 (D.Conn. 1982), aff'd, 714 F.2d 234 (2d Cir. 1983) (citation omitted). Further, the district court "may adopt those portions of the . . . report [and recommendation] to which no 'specific written objection' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." Mancuso v. Kijakazi, No. 22-CV-5633 (KMK), 2023 U.S. Dist. LEXIS 174171, at *2-3 (S.D.N.Y. Sep. 28, 2023) (citing Eisenberg v. New England Motor Freight, Inc., 564 F. Supp. 2d 224, 226 (S.D.N.Y. 2008))

Here, Plaintiff merely seeks to engage the court in a rehashing of the same arguments set forth in his prior opposition to Defendant's Motion. As such, the Court should not afford Plaintiff a second bite at the apple, and his Objections to the Report and Recommendation should be reviewed under the clearly erroneous standard, however, even if subjected to *de novo* review, Plaintiff's objections should be rejected.

## ARGUMENT

### POINT I

### NEITHER THE VIDEO EVIDENCE NOR THE SUBSEQUENT DISMISSAL OF PLAINTIFF'S SUMMONS NEGATE PROBABLE CAUSE

Plaintiff's primary argument is that Lieutenant Ebrahim did not review the video evidence on plaintiff's phone in a manner sufficient to make any determination of probable cause and that the alleged lack of probable cause is further evidenced by the subsequent dismissal of his summons. These arguments fail because they ignore the facts and circumstances that faced the officers. In addition, the Court credited in its Report that plaintiff failed to state a claim for First Amendment Retaliation because the facts known to the defendants evidenced that probable cause existed to issue plaintiff a summons for engaging in disorderly conduct.

**A.  Probable Cause Existed to Issue Plaintiff a Citation for Disorderly Conduct.**

"Probable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Aberra v. City of N.Y., No. 21-1992, 2023 U.S. App. LEXIS 1074, at *2 (2d Cir. Jan. 18, 2023). Under 240.20 (1), a person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance, or alarm, or recklessly creating a risk thereof, he engages in fighting or in violent, tumultuous, or threatening behavior. See NYPL Sec. 240.20 (1) "A person may be guilty of disorderly conduct only when the situation extends beyond the exchange between the individual disputants to a point where it becomes a potential or immediate public problem."

As the Court discussed in its Report, the Complaint in combination with the video supplied by plaintiff demonstrated that Officer Caruso had probable cause to issue a summons to plaintiff for disorderly conduct in light of his physical interaction with Jane Doe, which at

3

minimum constituted "tumultuous or threatening behavior" under New York Penal Law Sec 240.20(1). (Report on p. 29).

### B. The NYPD Defendants Review of the Video Evidence Did Not Negate Probable Cause.

Plaintiff's contention that the officers did not review the video sufficiently to make a determination of probable cause is irrelevant as officers are not required "to investigate exculpatory defenses offered by the person being arrested or to assess the credibility of unverified claims of justification before making an arrest." Jocks v. Tavernier, 316 F.3d 128, 135-36 (2d Cir. 2003). "Once officers possess facts sufficient to establish probable cause, they are neither required nor allowed to sit as prosecutor, judge or jury. Their function is to apprehend those suspected of wrongdoing, and not to finally determine guilt through a weighing of the evidence." Krause v. Bennet, 887 F.2d 362, 372 (2d Cir. 1989). "An officer's failure to investigate an arrestee's protestations of innocence generally does not vitiate probable cause." Panetta v. Crowley, 460 F.3d 388, 395-96 (2d Cir. 2006).

Even in light of the fact that the officers were not required to investigate exculpatory defenses, the Court noted that Lieutenant Ebrahim did in fact review the video, spoke at length with plaintiff regarding his version of events, and another officer spoke with both Jane Doe and John Doe 2 before plaintiff was issued a citation. (See Report at pp. 33-34). It was after this comprehensive investigation that Lieutenant Ebrahim determined there was probable cause to issue plaintiff a citation for disorderly conduct since it was unclear who was at fault even after reviewing the video. (See Report at p. 33). In light of the above, plaintiff's objection to the finding of probable cause based of Lieutenant Ebrahim's review of the video does not support his contention that there was no probable cause to arrest him and should be disregarded.

### C. The Subsequent Dismissal of Plaintiff's Summons Does Not Negate Probable Cause.

Plaintiff's second objection to the finding of probable cause is that the "summons' dismissal for facial defects further proves there was no probable cause to issue it." (See ECF No. ECF No. 125 at ¶ 34) Plaintiff's failure to cite any case law in support of his position is illustrative as a review of the relevant caselaw reveals that this objection is legally irrelevant.

"When determining whether probable cause exists courts must consider those facts available to the officer at the time of the arrest and immediately before it." Betts v. Shearman, 751 F.3d 78, 83 (2d Cir. 2014) (citation omitted) (concluding that, even though charges were subsequently dismissed with prejudice, arguable probable cause existed to justify an arrest); see also Phillips v. Corbin, 132 F.3d 867, 869 (2d Cir. 1998) (per curiam) (concluding that a "grand jury's refusal to indict . . . does not, as a matter of law, establish that the officers lacked probable cause to arrest""); Nadal v. City of Yonkers, No. 96-2412, 1996 U.S. App. LEXIS 32977, 1996 WL 721536, at *2 (2d Cir. Dec. 16, 1996) (same); Camarano v. City of N.Y., 646 F. Supp. 246, 250 (S.D.N.Y. 1986) (court's dismissal of a charge is not relevant to the issue of probable cause and arrest); Bennett v. Vidal, 267 F. Supp. 3d 487, 496 (S.D.N.Y. 2017).

Here, plaintiff objects in the face of authority suggesting otherwise, that the subsequent dismissal of his summons is evidence that there was no probable cause. However since probable cause is determined by the facts available to the officer at the time of the arrest and immediately before it, his contention that the dismissal is evidence there was no probable cause is misguided. Instead, the Court's determination that probable cause to issue the citation existed at the time of the arrest considered all the factors available to the officers at the time of plaintiff's arrest.

## POINT II

### THE COURT SHOULD DISMISS THE COMPLAINT WITH PREJUDICE

Plaintiff argues next that he should be granted leave to amend because "outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules of Civil Procedure." (See ECF No. 125 at ¶ 34). However, this argument overlooks the Court's well-reasoned analysis for denying plaintiff leave to amend, and the fact that the problem with plaintiff's causes of action is substantive.

As an initial matter, plaintiff should be denied leave to amend because he has failed to state a claim upon which relief can be granted. "Dismissals for failure to state a claim, . . . are generally with prejudice." Kaid v. Tatum, No. 1:20-cv-03643 (JLR), 2024 U.S. Dist. LEXIS 26854, at *7 (S.D.N.Y. Feb. 15, 2024) (citing Katz v. Donna Karan Co., 872 F.3d 114, 121 (2d Cir. 2017) (same)); See also, e.g., Otrompke v. First Dep't Comm. on Character, No. 22-CV-4676 (LGS) (JLC), 2023 U.S. Dist. LEXIS 201097, at *9 (S.D.N.Y. Nov. 8, 2023) (citing Lynch v. Hanley, No. 21-CV-25 (GTS) (ML), 2021 U.S. Dist. LEXIS 106046, 2021 WL 2309688, at *2 n.4 (N.D.N.Y. June 7, 2021) (collecting cases and holding that dismissal for failure to state a claim viewed as adjudication "on the merits," and thus dismissal "with prejudice" appropriate)). "Dismissal with prejudice is appropriate[,] . . . where '[t]he problem with [plaintiff's] causes of action is substantive' such that amendment would be futile." Owoyemi v. Credit Corp Sols., 596 F. Supp. 3d 514, 521 (S.D.N.Y. 2022) (citing Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000)).

Second, Plaintiff's objection that the refusal to grant leave to amend was done without justifying reason is plain wrong. In the Report, the Court reasoned that leave to amend

6

should be denied because plaintiff has provided no indication of how he would amend the complaint to state a claim against any named defendant. See TechnoMarine SA v. Giftports, Inc., 758 F.3d 493, 505 (2d Cir. 2014) ("A plaintiff need not be given leave to amend if it fails to specify [] to the district court . . . how amendment would cure the pleading deficiencies in its complaint"). Further, as noted in the Report, plaintiff effectively amended the Complaint when the Court considered "the copious additional factual material provided in [plaintiff's] opposition papers." Despite effectively amending his complaint, none of the additional factual material in plaintiff's opposition cured the deficiencies in the original complaint. Bledsoe v. New York City Transit Auth., 2024 WL 989845, at *8 (E.D.N.Y. Mar. 7, 2024); accord Schuh v. Druckman & Sinel, L.L.P., 2008 WL 542504, at *12 (S.D.N.Y. Feb. 29, 2008) (denying leave to replead where plaintiffs' inability to cure the defects in the complaint was "made plain from the voluminous facts submitted by plaintiffs themselves"). Since plaintiff's claims against the City defendants fail to state a claim despite his amendment, and he has failed to demonstrate how he would amend the complaint to state claims against the City defendants, the Court should disregard his argument that he was denied leave to amend without justification.

## POINT III

### PLAINTIFF'S OBJECTION TO THE FINDING OF NO FIRST AMENDMENT RETALIATION DOES NOT PRESENT CLEAR ERROR

Plaintiff's final objection to the Report is that it fails to consider the refusal by defendants Castro and Garcia to file a police report as a separate First Amendment violation. In the Report, the Court correctly addressed this claim as one arising under Due Process and found that plaintiff failed to state a claim. (See Report at pp. 37-39). Therefore, the Court should review this portion of Report for clear error. However, even if the Court reviews it *de novo*, plaintiff has

failed to raise a colorable objection as he has not demonstrated that the defendants' refusal to take his police report violated a protected right under the First Amendment.

Plaintiff offers no support for the proposition that the failure of the police to file a police report alone is an adverse action that can give rise to a claim for First Amendment retaliation. As noted in the Report, in order for a plaintiff to state a First Amendment Retaliation claim, he must allege "(1) he has an interest protected by the First Amendment; (2) defendants' actions were motivated or substantially caused by his exercise of that right; and (3) defendants; actions effectively chilled the exercise of his First Amendment Right." (See Report at p. 25). The test for First Amendment retaliation is phrased in terms of "action" and not "inaction". Gong v. Sarnoff, No. 23-cv-00343 (LJL), 2024 U.S. Dist. LEXIS 137633, at *23 (S.D.N.Y. Aug. 1, 2024) (citing Shara v. Me.-Endwell Cent. Sch. Dist., 46 F.4th 77, 82 (2d Cir. 2022)). "A plaintiff must also establish a but for causal connection between the government's retaliatory animus and the plaintiff's subsequent injury." See Gong, 2024 U.S. Dist. LEXIS 137633, at *18. To allege injury in the form of chilling speech, a plaintiff must allege present objective harm or the threat of some specific future harm. Id. Allegations of subjective chill are not adequate. Id.

"It is settled that the State has no general Due Process obligation to ensure the safety, care, and protection of individuals who are not in its custody." See Gong, 2024 U.S. Dist. LEXIS 137633, at *20 (citing DeShaney v. Winnebago Cnty Dep't of Soc. Servs., 489 U.S. 189, 195-96, 109 S. Ct. 998, 103 L. Ed. 2d 249 (1989)). Additionally, "[i]t is well established that '[t]here is no constitutional right to an investigation by government officials.'" See Gong, 2024 U.S. Dist. LEXIS 137633, at *20 (citing Troy v. City of New York, 2014 U.S. Dist. LEXIS 136339, 2014 WL 4804479, at *6 (S.D.N.Y. Sept. 25, 2014)); see also Mortimer v. Grodsky, 2022 U.S. Dist. LEXIS 161689, 2022 WL 4096609, at *4 (S.D.N.Y. Sept. 6, 2022) (no right to

governmental assistance or an investigation by government officials). "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." See Gong, 2024 U.S. Dist. LEXIS 137633, at * 20 (citing Cruz v. Heo, 2023 U.S. Dist. LEXIS 239459, 2023 WL 11841486, at *2 (D. Conn. Nov. 6, 2023)). Further, "police officers have discretion regarding whether to conduct investigations . . . and are charged with acting for the benefit of the public, and not for that of private citizens, who have no enforceable entitlement to particular outcomes." Burke v. Verizon Communs., Inc., 2019 U.S. Dist. LEXIS 241631, at *22 (S.D.N.Y. Mar. 29, 2019) (citing Burton v. N.YC. Police Dep't No. 11 Civ. 4071 (SLT), 2011 U.S. Dist, LEXIS 105803, at *7 (E.D.N.Y. Sept. 1, 2011)). "[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." Burton, 2011 U.S. Dist. LEXIS 105803, at *8 (citing Town of Castle Rock v. Gonzales, 545 U.S. 748, 768 (2005)).

As an initial matter, the precise nature of plaintiff's claim is unclear. The only specific interest plaintiff identifies as protected by the First Amendment is his right to engage in "journalism". (See Complaint at ¶ 113). Plaintiff cannot demonstrate that the conduct he vaguely claims is protected by the First Amendment was the "but-for" cause of defendant's refusal to take his police report. See Gong v. Sarnoff, No. 23-cv-00343 (LJL), 2024 U.S. Dist. LEXIS 137633, at *20 (S.D.N.Y. Aug. 1, 2024). As noted above, police officers have discretion regarding whether to conduct an investigation or to make an arrest. See Burke v. Verizon Communs., Inc., 2019 U.S. Dist. LEXIS 241631, at *22 (S.D.N.Y. Mar. 29, 2019). Plaintiff as a private citizen has no judicially cognizable interest in the prosecution or nonprosecution of another. See Gong v. Sarnoff, No. 23-cv-00343 (LJL), 2024 U.S. Dist. LEXIS 137633, at *20 (S.D.N.Y. Aug. 1, 2024). Plaintiff has failed to put forth any non-conclusory allegations to suggest that the NYPD defendants' refusal

9

to take his police report was motivated by any interest protected by the First Amendment. Plaintiff has also failed to cite to any case law suggesting that private citizens have a protected right to have a police report taken. To the contrary, courts in the Second Circuit have found that a failure to investigate is not independently cognizable as a stand-alone claim. See Buari v. City of N.Y., 530 F. Supp. 3d 356, 371 (S.D.N.Y. 2021) (citing McCaffrey v. City of New York, No. 11-CV-1636 (RJS), 2013 U.S. Dist. LEXIS 18815, 2013 WL 494025, at *5 (S.D.N.Y. Feb. 7, 2013) (collecting cases); see also Edris v. City of N.Y., 2023 U.S. Dist. LEXIS 104538, at *4 (S.D.N.Y. June 15, 2023) ("NYPD['s] . . . failure to [investigate] does not rise to a constitutional deprivation."); Pierre v. Police Officer Alexandr Yurchenko, No. 22 CV 1171 (NRM)(LB), 2024 U.S. Dist. LEXIS 59864, at *15 (E.D.N.Y. Feb. 20, 2024) ("A government official's failure to investigate a reported crime does not amount to a constitutional deprivation"); Burton v. N.Y. Police Dep't, No. 11-CV-4071 (SLT)(LB), 2011 U.S. Dist. LEXIS 105803, at *7 (E.D.N.Y. Sep. 1, 2011) (explaining that an officer's refusal to file a police report does not suggest a deprivation of plaintiff's constitutional rights).

Since no person has a right to have another person investigated, the NYPD defendants' failure to investigate is not a cognizable injury. See Gong, 2024 U.S. Dist. LEXIS 137633, at *20. Plaintiff has not pled facts showing that the actions of Officers Caruso and Garcia or any other NYPD officer were objectively unreasonable. Police officers are afforded some level of discretion in deciding how and when to investigate, file a report, or decline to make an arrest. The NYPD's decision to not act on plaintiff's report and not to investigate a third party is not a violation of his rights. Id. He never had a right or a reasonable expectation that the government would investigate and thus has not lost anything and suffered no injury or harm from the fact that the NYPD defendants did not investigate. Id. Nowhere in the pleadings does plaintiff suggest that

10

the NYPD would have acted differently if plaintiff had not been engaged in "journalism". As a result, even under a *de novo* review, plaintiff's objection fails to raise a colorable issue and the Court should adopt the Report and Recommendation's finding that plaintiff has failed to state a claim for First Amendment Retaliation.

## CONCLUSION

For the reasons set forth herein, in addition to the reasons set forth in City Defendant's prior moving papers, Defendant respectfully requests that the Court adopt the Report and Recommendation of Magistrate Judge Gary Stein and grant City Defendants' motion to dismiss in its entirety.

Dated:   New York, New York
         August 22, 2024

> **MURIEL GOODE-TRUFANT**
> Acting Corporation Counsel of the City of New York
> *Attorney for Defendants*
> 100 Church Street
> New York, New York 10007
> (212) 356-2384
> msaleemi@law.nyc.gov
>
> By:   /s/ *Mamoon Saleemi*
>       Mamoon Saleemi
>       *Assistant Corporation Counsel*

cc:   **BY FIRST CLASS MAIL AND EMAIL**
      Jason Goodman
      257 7th Avenue
      Apt. 6S
      New York, NY 10001
      truth@crowdsourcethetruth.org

      **VIA ECF**
      Counsel of Record

11