**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JASON GOODMAN,<br><br>                    Plaintiff,<br><br>v.<br><br>THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT LIEUTENANT GEORGE EBRAHIM, NEW YORK CITY POLICE DEPARTMENT OFFICER CHANDLER CASTRO, NEW YORK CITY POLICE DEPARTMENT OFFICER JENNIFER CARUSO, NEW YORK CITY POLICE DEPARTMENT OFFICER KELVIN GARCIA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JANE DOE, (fictitious names intended to be officers, representatives, agents, servants of the New York City Police Department, individually and in their official capacities), ELON MUSK, X CORP, ADAM SHARP,<br><br>                    Defendants. | No. 1:23-cv-09648-JGLC-GWG |

**DEFENDANT X CORP.'S RESPONSE TO**
**PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

I.   **INTRODUCTION**

Plaintiff's Objections to Report and Recommendation (Dkt 125; "Plaintiff's Objections") should be overruled for at least two reasons. *First*, Plaintiff did not timely file his objections, and he therefore has waived judicial review of Magistrate Judge Gorenstein's Report and Recommendation (Dkt. 123; "R&R"). *Second*, even if considered, Plaintiff's Objections confirm that his claims should be dismissed against X Corp. and Elon Musk under Rule 12(b)(6). Plaintiff's Objections fail to cure any of the deficiencies identified in the R&R, and improperly pleads additional facts that, in any event, do not alter the R&R's analysis. Accordingly, X Corp. respectfully requests this Court adopt the R&R and dismiss Plaintiff's claims against X Corp. and Mr. Musk without leave to amend.

II.   **ARGUMENT**[1]

  A.   **This Court Should Adopt the R&R's Recommendation to Dismiss Plaintiff's Claims Against X Corp.**

This Court should adopt the R&R's correct determination that Plaintiff fails to state a plausible claim against X Corp. under 42 U.S.C. § 1983 because Plaintiff does not plausibly allege either of the two elements of his purported claim: (1) "the violation of a right secured by the Constitution and laws of the United States" (2) "by a person acting under color of state law." R&R at 11 (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)).

---

[1] As a threshold matter, Plaintiff has waived judicial review of the R&R because he did not timely file his Objections. "[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object." *DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000). This "rule also applies to *pro se* parties." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009). The R&R was filed and served on Plaintiff on July 25, 2024, and provided that Plaintiff's deadline "to *file* any objections" was "fourteen (14) days . . . from service" of the R&R—*i.e.*, August 8, 2024. R&R at 43 (emphasis added). The R&R also gave "clear notice" that "[i]f a party fails to file timely objections, that party will not be permitted to raise any objections." *Id.* at 43-44; *see also DeLeon*, 234 F.3d at 86. Plaintiff filed his Objections on August 9, 2024, *i.e.*, more than fourteen days from when the R&R was served. Plaintiff therefore waived all his objections to the R&R. *See DeLeon*, 234 F.3d at 86; *Hamilton*, 331 F. App'x at 875.

Plaintiff does not object to the R&R's determination that he "fails to allege that X Corp. violated any of his federal rights" because he fails to allege "any 'policy, custom, or practice of X Corp. caused a violation of his federal constitutional rights.'" R&R at 16 (brackets omitted) (quoting *Calderon v. St. Barnabas Hosp.*, 2022 WL 15523409, at *3 (S.D.N.Y. Oct. 24, 2022)); *see also id.* (Plaintiff "alleges no policy at all."); *Rojas v. Alexander's Dep't Store, Inc.*, 924 F.2d 406, 408 (2d Cir. 1990) ("Private employers are not liable under § 1983 for the constitutional torts of their employees . . . unless the plaintiff proves that 'action pursuant to official . . . *policy* of some nature caused a constitutional tort.'" (quoting *Monell v. Dep't of Social Serv. of the City of N.Y.*, 436 U.S. 658, 691 (1978))). For this reason alone, this Court should adopt the R&R's recommendation to dismiss Plaintiff's Section 1983 claim against X Corp.

On the second element, Plaintiff objects to the R&R's correct determination that he fails to plausibly allege X Corp. acted under color of state law. *See* Pl.'s Obj. at 2-4; R&R at 12-16. Plaintiff does not object to the R&R's finding that he does not plausibly allege X Corp. acted under color of state law based on any "agreement" with or relationship involving the NYPD, so he has waived any objections to that determination. R&R at 13-15; *see also DeLeon*, 234 F.3d ("[A] party generally waives judicial review of an issue when he or she fails to make timely objection to a magistrate judge's report, as long as all parties receive clear notice of the consequences of their failure to object."); *Hamilton*, 331 F. App'x at 875 (this "rule also applies to *pro se* parties.").

Plaintiff appears to argue he plausibly alleges X Corp. acted under color of state law because of his new allegation that X Corp. "was performing a public function by managing information dissemination that affected the public's perception of the 2020 presidential election in a technologically unprecedented way." Pl.'s Obj. at 2. Even if this factually unsupported and conclusory allegation were credited, it still would not show that X Corp. acted under color of state law: any conduct by X Corp. concerning the presidential election is not relevant to Plaintiff's claims, which are premised on his alleged altercations with NYPD officers—not the 2020 presidential election. *See* Compl. ¶¶ 89-120; *Sybalski v. Indep. Grp. Home Living Prog.*,

*Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) ("It is not enough . . . for a plaintiff to plead state involvement in *some activity* of the institution alleged to have inflicted injury upon a plaintiff; rather, the plaintiff must allege that the state was involved with the activity that caused the injury giving rise to the action." (quotation marks omitted)). Moreover, the "public function test" for acting under color of state law is satisfied only "in situations where an activity that traditionally has been the exclusive, or near exclusive, function of the State has been contracted out to a private entity." *Grogan v. Blooming Grove Vol. Ambulance Corps*, 768 F.3d 259, 264-65 (2d Cir. 2014) (cleaned up). X Corp.'s purported decisions about what information it permitted to be disseminated about the 2020 presidential election cannot constitute an activity that has traditionally been the exclusive function of the state, and therefore cannot meet the public function test. *See Moody v. NetChoice, LLC*, 144 S. Ct. 2383, 2403 (2024) (explaining that social media platforms' editorial decisions are akin to editorial decisions of newspapers).

Plaintiff also argues he adequately pleads X Corp.'s "coordination with the FBI to suppress information" because of his new allegations (a) that the FBI sought "to suppress certain information" regarding "the Hunter Biden laptop story" through a "clandestine" plan to "infiltrate[e]" X Corp. and (b) that X Corp. employees "were serving the interests of the FBI over" X Corp. Pl.'s Obj. at 2-3. Allegations about FBI involvement cannot, as a matter of law, satisfy the "under color of state law" element of Plaintiff's Section 1983 claims, because "the phrase 'under color of state law' . . . appl[ies] only to state actors, not federal officials." *Dotson v. Griesa*, 398 F.3d 156, 162 (2d Cir. 2005). These allegations also are unrelated to Plaintiff's claims and therefore are insufficient to plausibly allege X Corp. acted under color of state law. *See Sybalski*, 546 F.3d at 257.

With respect to allegations raised in the Complaint and Plaintiff's Opposition to X Corp.'s Motion to Dismiss, the R&R rightly observes that those "allegations fail because they amount to nothing but speculative and conclusory allegations of conspiracy lacking any factual basis." R&R at 15. The new allegations in Plaintiff's Objections concerning the presidential election and FBI involvement are no different. Such conclusory allegations do not alter the

R&R's analysis and do not cure the deficiencies with Plaintiff's claims against X Corp. *See Leonard v. United States*, 2023 WL 8258263, at *3 (S.D.N.Y. Nov. 27, 2023) ("[T]he allegations amount to conclusory claims and suspicions and must be dismissed as frivolous.").

In sum, this Court should adopt the R&R's recommendation to dismiss Plaintiff's claims against X Corp.

B.  **This Court Should Adopt the R&R's Recommendation to Dismiss Plaintiff's Claims Against Mr. Musk**

Plaintiff does not object to the R&R's recommendation that Plaintiff's claims against Mr. Musk be dismissed. Thus, he has waived any right to object to that recommendation. As noted above, the R&R provided "clear notice" that if a party "fail[ed] to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal." R&R at 43-44; *see also DeLeon*, 234 F.3d at 86. Having been clearly notified of the "consequences of [his] failure to object" to the R&R's recommendation to dismiss his claims against Mr. Musk, Plaintiff has "waive[d] judicial review of [that] issue," and the Court should adopt the R&R's recommendation. *Deleon*, 234 F.3d at 86; *see also Adeniji v. Off. of N.Y. State Comptroller*, 2022 WL 16543188, at *1 (2d Cir. Oct. 31, 2022) (pro se plaintiff "forfeited" review of issue that was not addressed in his objections to magistrate judge's report and recommendation).

C.  **This Court Should Adopt the R&R's Recommendation to Deny Plaintiff Leave to Amend His Claims Against X Corp. and Mr. Musk**

Plaintiff objects to the R&R's recommendation to deny him leave to amend. *See* Pl.'s Obj. at 7-8; R&R at 42. Even though the R&R stated that "Plaintiff provides no indication of how he would amend the complaint in order to state a claim against any named defendant" and that "[n]one of [the] material [Plaintiff included in his opposition papers] cures the deficiencies in" his Complaint, R&R at 42, Plaintiff does not identify any new facts he would allege in an amended complaint to try to cure the deficiencies with his claims against X Corp. or Mr. Musk, *see* Pl.'s Obj. at 7-8. Thus, this Court should adopt the R&R's recommendation to deny Plaintiff

4

leave to amend. *See City of Pontiac Policemen's & Firemen's Ret. Sys. v. UBS AG*, 752 F.3d 173, 188 (2d Cir. 2014) (leave to amend properly denied where "plaintiffs have identified no additional facts or legal theories—either on appeal or to the District Court—they might assert if given leave to amend").

### III.  CONCLUSION

This Court should adopt the R&R's recommendation that Plaintiff's claims against X Corp. and Mr. Musk be dismissed without leave to amend.

Respectfully submitted,

WILLENKEN LLP

By: */s/ Kenneth M. Trujillo-Jamison*
Kenneth M. Trujillo-Jamison
(admitted *pro hac vice*)
Peter Shimamoto
707 Wilshire Blvd., Suite 3850
Los Angeles, CA 90017
Telephone: (213) 955-9240
Facsimile: (213) 955-9250
ktrujillo-jamison@willlenken.com

*Attorneys for Defendant X Corp.*

Dated: August 22, 2024