UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

    *Plaintiff*,

  v.

THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT LIEUTANANT GEORGE EBRAHIM, NEW YORK CITY POLICY DEPARTMENT OFFICER CHANDLER CASTRO, NEW YORK CITY POLICE DEPARTMENT OFFICER JENNIFER CARUSO, NEW YORK CITY POLICE DEPARTMENT OFFICER KELVIN GARCIA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JANE DOE, (fictitious names intended to be officers, representatives, agents, servants of the New York City Policy Department, individually and in their official capacities, ELON MUSK, X CORP, ADAM SHARP,

    *Defendants*.

1:23-cv-09648-JGLC-GWG

-------------------------------------------------------------------------------------------------------------------

**DEFENDANT ADAM SHARP'S RESPONSE TO**
**PLAINTIFF'S OBJECTIONS TO REPORT AND RECOMMENDATION**

-------------------------------------------------------------------------------------------------------------------

Brian E. Middlebrook, Esq.
John T. Mills, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
*Attorneys for Defendant Adam Sharp*
One Battery Bark Plaza, 28th Floor
New York, New York 10004
(212) 269-5500 (Phone)
(212) 269-5505 (Fax)
bmiddlebrook@grsm.com
jtmills@grsm.com

In its July 25, 2024 Report and Recommendation (Dkt. 123, "R&R"), this Court properly determined that the claim(s) alleged against Sharp[1] in the instant action fail to state a claim because Goodman "has failed to provide factual allegations to create an inference that Sharp conspired with state actors to inflict an unconstitutional injury[.]" R&R, p. 18.  In his Objections, Goodman does not even mention the R&R's recommendation for dismissal of the claims against Sharp for failure to state a claim.  *See* Dkt. 125 ("Goodman's Objection").  The R&R provided clear notice regarding the implications of a party's failure to timely file objections to the R&R, and Goodman's failure to object to the R&R's recommendation for dismissal of the claims against Sharp amounts to a waiver of any right to object to that recommendation.  *See DeLeon v. Strack*, 234 F.3d 84, 86 (2d Cir. 2000).  Thus, the Court should adopt the recommendation.  *See id.*; *see also Adeniji v. Off. of N.Y. State Comptroller*, 2022 WL 16543188, at *2 (2d Cir. Oct. 31, 2022).

Even if Goodman's objection could somehow be construed as objecting to the recommendation for dismissal of the claims against Sharp, Goodman's objection does nothing more than rehash the allegations in the Complaint and, more importantly, provides no allegations suggesting that Sharp conspired with state actors, thus demonstrating the fatal defects in Goodman's Section 1983 claim(s) against Sharp.  Goodman's Objection provides no basis to alter the R&R's analysis and no reason why this Court should not adopt the R&R.

Moreover, while Goodman's Objection does address the R&R's recommendation for denial of leave to amend, Goodman's Objection similarly provides no basis for this court to overrule that recommendation with respect to Sharp.  Indeed, the arguments raised in Goodman's Objection pertain to other Defendants – not Sharp – and do not identify facts which suggest that

---

[1] Capitalized terms used herein shall have the same meaning ascribed to them as set forth in Defendant Adam Sharp's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Amended Complaint ("Opening Memorandum").  *See* ECF No. 35.

amendment of the Complaint could state a cognizable Section 1983 claim against Sharp.  As set forth more fully in Sharp's motion papers, Goodman has not, and never will be able to, state such a claim against Sharp, and this Court appropriately recommended denial of leave to amend.  *See* R&R at pp. 42-43 (collecting cases).

Accordingly, Sharp respectfully requests that this Court adopt the R&R and dismiss Goodman's claims against Sharp with prejudice and without leave to amend.

Dated:      New York, New York
            August 22, 2024

>                               Respectfully Submitted,
>
>                               GORDON REES SCULLY MANSUKHANI, LLP
>
>                               *Attorneys for Defendant Adam Sharp*
>
>                               */s/ John Mills*
>                               Brian E. Middlebrook, Esq.
>                               John T. Mills, Esq.
>                               One Battery Park Plaza, 28th Floor
>                               New York, New York 10004
>                               (212) 269-5500 (Phone)
>                               (212) 269-5505 (Fax)
>                               bmiddlebrook@grsm.com
>                               jtmills@grsm.com