UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JASON GOODMAN,<br><br>        Plaintiff,<br><br>-against-<br><br>THE CITY OF NEW YORK, et al.,<br><br>        Defendants. | 23-CV-9648 (JGLC) (GWG)<br><br>**ORDER ADOPTING REPORT<br>AND RECOMMENDATION** |

JESSICA G. L. CLARKE, United States District Judge:

   This case was referred to Magistrate Judge Gorenstein for general pretrial purposes and all dispositive motions. *See* ECF No. 23. Three motions to dismiss were filed: on December 4, 2023, by Defendant X Corp., ECF No. 18; on January 2, 2024, by Defendant Adam Sharp, ECF No. 34; and on March 26, 2024, by Defendants the City of New York, Jennifer Caruso, George Ebrahim, Chandler Castro, and Kelvin Garcia, ECF No. 85. On March 25, 2024, Judge Gorenstein ordered Plaintiff to show cause as to why the claims against Defendant Elon Musk should not be dismissed, ECF No. 84, and on June 21, 2024, Judge Gorenstein ordered Plaintiff to show cause as to why the claims against the Doe Defendants should not be dismissed, ECF No. 114. In the Report and Recommendation (the "Report and Recommendation" or "R&R") filed on July 25, 2024, Judge Gorenstein recommended that the motions be granted and the case dismissed as to all defendants. *See* ECF No. 123.

   In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to

which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g.*, *Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008). Finally, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Piligian v. Icahn Sch. of Med. at Mount Sinai*, 490 F. Supp. 3d 707, 716 (S.D.N.Y 2020) (internal citation omitted).

In the present case, the Report and Recommendation advised the parties that they had fourteen days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. *See* ECF No. 123 at 43–44. In addition, the Report and Recommendation expressly called the parties' attention to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). On August 8, 2024, Plaintiff filed objections to the Report and Recommendation. *See* ECF No. 125. On August 22, 2024, certain Defendants filed responses to Plaintiff's objections. *See* ECF No. 128 (the City of New York, New York City Police Department, Jennifer Caruso, George Ebrahim, Chandler Castro, and Kelvin Garcia); ECF No. 129 (X. Corp.); ECF No. 132 (Adam Sharp).

The Court has reviewed the motions, the Report and Recommendation, Plaintiff's objections, and Defendants' responses, and finds the Report and Recommendation to be well-reasoned and grounded in fact and law. The Court further finds that none of Plaintiff's objections have merit. First, Plaintiff objects to Judge Gorenstein's recommendation that claims against X Corp. be dismissed, contending that X. Corp. was "performing a public function by managing information dissemination that affected the public's perception of the 2020 presidential election

2

in a technologically unprecedented way," and that Sharp and the Doe Defendants were also acting under color of law. ECF No. 125 ("Pl. Obj.") at 2. This does nothing to refute the R&R's conclusion that these Defendants did not engage in "joint action" with a state actor or that there were no facts alleging an agreement "to act in concert to inflict an unconstitutional injury." *See* R&R at 12–17.

Second, Plaintiff argues that there was no probable cause for issuing a summons for disorderly conduct. Pl. Obj. at 4. The Court adopts the R&R's analysis concluding that Caruso had probable cause to cite Plaintiff for disorderly conduct. R&R at 27–36.

Third, Plaintiff argues that the R&R's statement that the officers reviewed the video evidence on Plaintiff's phone is incorrect, while also acknowledging that Ebrahim reviewed the video, at least in part. Pl. Obj. at 5–6; *see also* R&R at 33 (noting that Ebrahim made several references to the video over the course of his conversation with Plaintiff). That Ebrahim may not have reviewed the entire video does not negate the R&R's analysis, as "the video is inconclusive not only about who started the fight but also about what was happening at the moment Goodman moved his hand towards Jane Doe." R&R at 34–35.

Fourth, Plaintiff argues that the R&R erred in denying him leave to amend. Pl. Obj. at 7. However, he has not presented any facts as to how an amended complaint might cure the pleading deficiencies in his original complaint. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014).

Fifth, Plaintiff objects on the basis that the "R&R does not adequately consider the impact of non-party interference on the proceedings." Pl. Obj. at 8. Although Plaintiff alleges that a non-party has persistently interfered in this case, he does not explain how any interference would provide a reason for the Court to deny the motions to dismiss in front of it.

Finally, Plaintiff argues that the R&R should have considered the refusal by Castro and Garcia to file a police report as a First Amendment violation. *Id*. at 8–9. He contends that "Plaintiff's attempt to report the incident and the refusal to take the report were retaliatory actions intended to suppress Plaintiff's exercise of his First Amendment rights." *Id*. at 9. As with the other First Amendment claims, "there is no allegation or reasonable inference that the officers had any prior knowledge of Goodman's 'journalism concerning X Corp, Twitter NYC, Sharp, Musk and other parties' . . . and it would thus be purely speculative to conclude that" the refusal to file a police report was done in retaliation against Goodman for those activities. *See* R&R at 26–27 (quoting ECF No. 1 ¶ 106). Accordingly, the Report and Recommendation is ADOPTED in its entirety.

The Clerk of Court is directed to terminate ECF Nos. 18, 34, and 85 and to close the case. The Clerk of Court is further directed to mail a copy of this Order to Plaintiff.

SO ORDERED.

Dated: August 29, 2024
New York, New York

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge