UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JASON GOODMAN,

    *Plaintiff*,

v.

THE CITY OF NEW YORK and NEW YORK CITY POLICE DEPARTMENT, NEW YORK CITY POLICE DEPARTMENT LIEUTANANT GEORGE EBRAHIM, NEW YORK CITY POLICY DEPARTMENT OFFICER CHANDLER CASTRO, NEW YORK CITY POLICE DEPARTMENT OFFICER JENNIFER CARUSO, NEW YORK CITY POLICE DEPARTMENT OFFICER KELVIN GARCIA, JOHN DOE 1, JOHN DOE 2, JOHN DOE 3, JOHN DOE 4, JANE DOE, (fictitious names intended to be officers, representatives, agents, servants of the New York City Policy Department, individually and in their official capacities, ELON MUSK, X CORP, ADAM SHARP,

    *Defendants*.

1:23-cv-09648-JGLC-GWG

---

## DEFENDANT ADAM SHARP'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

---

Brian E. Middlebrook, Esq.
John T. Mills, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
*Attorneys for Defendant Adam Sharp*
One Battery Bark Plaza, 28th Floor
New York, New York 10004
(212) 269-5500 (Phone)
(212) 269-5505 (Fax)
bmiddlebrook@grsm.com
jtmills@grsm.com

In his Motion for Reconsideration (Dkt. 136, the "Motion"), Plaintiff JASON GOODMAN ("Goodman" or "Plaintiff") seeks reconsideration of this Court's August 29, 2024 Order (Dkt. 134, the "Order") adopting the July 25, 2025 Report and Recommendation (Dkt. 123, "R&R") dismissing the claim(s) alleged against Defendant ADAM SHARP ("Sharp") in the instant action for failure to state a claim.[1] In the R&R, as adopted in its entirety by the Order, this Court appropriately determined that the Goodman "has failed to provide factual allegations to create an inference that Sharp conspired with state actors to inflict an unconstitutional injury[.]" R&R, p. 18. Now, by way of the instant Motion, Goodman seeks reconsideration of the Order based on new "facts and details that this dispute is fundamentally about." Motion, p. 1. Goodman's Motion, much like his Complaint and Objections to the R&R (Dkt. 125), does nothing more than rehash the allegations in the Complaint and, more importantly, provides no allegations suggesting that Sharp conspired with state actors, thus demonstrating the fatal defects in Goodman's Section 1983 claim(s) against Sharp. Thus, the Motion should be denied.

Federal Rule of Civil Procedure 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005).[2] "The major grounds for justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Altimeo Asset Mgmt. v. Qihoo 360 Tech. Co. Ltd.*, 2023 WL 4249356, at *6 (S.D.N.Y. June 29,

---

[1] Goodman's Motion should be denied outright as Goodman is barred from filing any documents against Sharp in this District without first obtaining leave of Court. *See Goodman v. Bouzy et al.*, Case No. 1:21-cv-10878-AT-JLC, Dkt Nos. 203, 228, 278. Goodman has clearly not obtained leave of Court to file the instant motion, thus warranting denial of the Motion. Sharp reserves all rights in this regard.

[2] While Goodman's motion also seeks relief pursuant to Federal Rule of Civil Procedure 59(e), "[a]s there has been no trial in this action, the rule is inapplicable." *Solomon v. Fordham University*, 2024 WL 4372302, at *3 (S.D.N.Y. Oct. 2, 2024).

2023) (citations omitted). "A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009) (quoting *Davidson v. Scully*, 172 F. Supp. 3d 458, 461 (S.D.N.Y. 2001)).

Rule 60(b) is, however, "a mechanism for 'extraordinary judicial relief' invoked *only if* the moving party demonstrates 'exceptional circumstances.'" *Ruotolo v. City of N.Y.*, 514 F.3d 184, 191 (2d Cir. 2008) (emphasis added) (quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir. 1994)); *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (Rule 60(b) is "extraordinary judicial relief" that can be granted "only upon a showing of exceptional circumstances"). Relief under this rule is thus "generally not favored." *Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) (citation omitted). As a result, [t]he standards for granting such motions are strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Suber v. VVP Servs., LLC*, 2022 WL 2078197, at *1 (S.D.N.Y. June 9, 2022) (cleaned up) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)); *see also Altimeo Asset Mgmt.*, 2023 WL 4249356, at *6. For a Rule 60(b) motion for reconsideration to succeed, "the movant must present 'highly convincing' evidence in support of the motion, show good cause for the failure to act sooner, and show that no undue hardship will be imposed on the non-moving party as a result." *Whiddon v. Buzzfeed, Inc.*, 2022 WL 17632593, at *5 (S.D.N.Y. Dec. 13, 2022) (quoting *Kotlicky v. U.S. Fid. Guar. Co.*, 817 F. 2d 6, 9 (2d Cir. 1987)). The same high standard applies to litigants proceeding *pro se*. *Thompson v. Booth*, 2022 WL 1501041, at *2 (S.D.N.Y. May 12, 2022) ("A party seeking vacatur under Rule 60(b), whether proceeding *pro se* or not, 'must present 'highly

convincing' evidence . . .") (citation omitted); *Goodman v. Discover Fin. Servs., LLC*, , 2022 WL 3225620, at *1 (S.D.N.Y. Aug. 10, 2022) (same).

Goodman's Motion fails to meet the high standard proscribed by the above-cited controlling case law. The Motion first relies on new facts pertaining to an incident which allegedly occurred on or about September 5, 2024 which Goodman admits are "unrelated to this case." Motion at p. 1. As a matter of law, these "facts" cannot provide any basis for reconsideration of the Order. *See, e.g.*, *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d at 509. Goodman then asserts that the Order contains errors of fact and law, misinterprets his claims, and fails to consider key evidence, including the above-mentioned newly discovered facts. Motion at p. 2. Each of these assertions is without merit.

The bulk of Goodman's Motion pertains to his allegations against other Defendants in this action and, as such, will not be addressed herein.[3] As to Sharp, the Motion argues that the Court overlooked Sharp's alleged involvement in "suppressing [his] journalistic activities" and "the broader influence of Twitter, X Corp, and the FBI[.]" Motion at p. 6. Goodman purports to allege that he has set forth facts sufficient to demonstrate joint action between private actors and government entities based on Sharp's alleged "close ties to the dissemination of information during the 2020 election, along with the involvement of the FBI and former Twitter Counsel James Baker[.]" *Id.* However, these facts admittedly are not new and, to the contrary, were expressly addressed and rejected in the R&R, which was adopted in its entirety by the Order. As set forth more fully in Sharp's motion papers, Goodman has not, and never will be able to, state such a

---

[3] Indeed, the Motion goes so far as to suggest that this Honorable Court has somehow demonstrated a "clear bias" and should recuse itself. Goodman provides no basis for such allegations, and these allegations are merely additional evidence of the frivolous nature of Goodman's claims and demonstrative of Goodman's penchant for engaging in vexatious conduct.

claim against Sharp, and this Court appropriately recommended denial of leave to amend. *See* R&R at pp. 42-43 (collecting cases).

As against Sharp, it is clear that the instant Motion is nothing more than an attempt by Goodman to relitigate the same issues which were raised in the Complaint and expressly rejected as insufficient to state a claim against Sharp. Goodman wholly fails to demonstrate entitlement to the "extraordinary relief" available under Rule 60(b) in any manner whatsoever. *Ruotolo*, 514 F.3d at 191. Accordingly, Sharp respectfully requests that this Court deny the Motion in its entirety, together with such other and further relief as this Court deems just, proper and equitable.

Dated:   New York, New York
         October 11, 2024

                                          Respectfully Submitted,

                                          GORDON REES SCULLY MANSUKHANI, LLP

                                          *Attorneys for Defendant Adam Sharp*

                                          */s/ John Mills*
                                          Brian E. Middlebrook, Esq.
                                          John T. Mills, Esq.
                                          One Battery Park Plaza, 28th Floor
                                          New York, New York 10004
                                          (212) 269-5500 (Phone)
                                          (212) 269-5505 (Fax)
                                          bmiddlebrook@grsm.com
                                          jtmills@grsm.com