UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASON GOODMAN,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, et al.,

                        Defendants.

23-CV-9648 (JGLC)

**ORDER REGARDING PLAINTIFF'S MOTION FOR CONTEMPT SANCTIONS**

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff filed this action *pro se* asserting violations of his First Amendment rights pursuant to various federal and state laws. ECF No. 1. In a Report and Recommendation (the "R&R") dated July 25, 2024, Magistrate Judge Gorenstein recommended that Defendants' motions to dismiss be granted and the case dismissed. *See* ECF No. 123. This Court adopted the R&R in its entirety after finding it to be well-reasoned and grounded in fact and law. ECF No. 134 at 2–4. On September 27, 2024, Plaintiff filed a motion for reconsideration and relief from judgment. ECF No. 136 ("Motion" or "Mot."). The Court denied the motion for reconsideration on January 24, 2025. ECF No. 142.

      On August 26, 2025, Plaintiff filed a motion to hold non-party David G. Sweigert in contempt and for fraud upon this Court (ECF No. 146) based on an amicus brief Mr. Sweigert filed (ECF No. 144) in contravention of Magistrate Judge's Gorenstein's order disallowing such filings (ECF No. 117). By order dated August 28, 2025, Magistrate Judge Gorenstein denied the contempt motion for failing to comply with the Court's Individual Practices. ECF No. 147. However, the contempt motion is addressed to the undersigned, and Plaintiff complied with the undersigned's motion rules. The prior order at ECF No. 147 is therefore VACATED, and the Court now considers the motion.

1

The Supreme Court has recognized that while "the power to punish for contempt is inherent in all courts," such inherent powers "must be exercised with restraint and discretion." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991); *accord id*. at 50 ("A court must, of course, exercise caution in invoking of its inherent power. . . . "). The decision as to whether civil contempt sanctions should issue is squarely within the Court's discretion. *See Perez v. Danbury Hosp.*, 347 F.3d 419, 423 (2d Cir. 2003). However, a "district court's contempt power is narrowly circumscribed," *id.*, and "the court must not lightly invoke its contempt power." *In re Attorney Gen. of United States*, 596 F.2d 58, 65 (2d Cir. 1979); *accord Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*, 172 F. Supp. 3d 691, 698 (S.D.N.Y. 2016).

Here, the Court has reviewed Plaintiff's motion for an order of contempt and related relief (ECF No. 146) and concludes that the nature of the alleged contempt—filing a two-page purported "amicus" brief in this matter, which is closed and on appeal—does not warrant the exercise of the Court's inherent powers to impose a contempt sanction. This conclusion is based not only on the trivial nature of the violation but also the fact that the individual allegedly in contempt is a non-party.

Based on the foregoing, Plaintiff's motion is DENIED, and this case remains CLOSED. The Clerk of Court is directed to (1) vacate the prior order at ECF No. 147; (2) enter this Order denying Plaintiff's contempt motion; and (3) serve a copy of this Order on Plaintiff.

Dated: September 10, 2025
      New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge